# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 29, 2010

Lyle W. Cayce
Clerk

No. 09-60828
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CHARLES STEVENS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:96-CR-94-4

Before GARWOOD, PRADO and HAYNES, Circuit Judges.

PER CURIAM:[*]

Charles Stevens pleaded guilty to possessing cocaine base with intent to distribute and in 1997 was sentenced to 74 months of imprisonment, a five-year term of supervised release, and a $4,000 fine (as well as a $100 special assessment). His supervised release was revoked in May 2003, and he was sentenced to serve six months in prison and to a new supervised release term of 51 months. That term of supervised release was revoked in October 2005, and

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Stevens was sentenced to serve six months in prison followed by 48 months of supervised release.

In 2009 the Government again moved to revoke Stevens's supervised release, alleging, *inter alia*, that Stevens had not fulfilled his obligation to pay the fine imposed at the time of his conviction. On the first day of his revocation hearing, Stevens testified that he had not paid his fine because he had child support obligations and paid large sums of money to attorneys who had represented him. After the probation officer conducted an investigation to verify that testimony, on the district court's order, Stevens admitted that he had lied to the court about making payments to attorneys. He asserted that he lied because he was anxious and under the influence of prescription medication for mental illness. The district court observed that the guidelines range was three to nine months but that the statutory maximum sentence imposable, giving Stevens credit for imprisonment imposed on previous revocations, was 48 months. The district court revoked supervised release and sentenced Stevens to serve 36 months in prison and a supervised release term of 12 months.

Stevens maintains that his revocation sentence is both unreasonable and plainly unreasonable. First, he maintains that the district court failed to consider his history and characteristics because it gave insufficient consideration to his history of mental health issues and to his use of prescription medication on the day he gave false testimony. Second, he maintains that punishing him for conduct that could form the basis of a future prosecution for perjury was unreasonable because of the potential for double punishment. Third, he contends that his sentence's level of deviation above the advisory range was itself enough to render the sentence unreasonable.

Before *United States v. Booker*, 543 U.S. 220 (2005), an appellate court reviewed a sentence imposed for an offense for which there was no applicable Sentencing Guideline to determine whether it was plainly unreasonable or in violation of law. 18 U.S.C. § 3742(e)(4); *United State v. Mathena*, 23 F.3d 87, 89

(5th Cir. 1994); *see also Koon v. United States*, 518 U.S. 81, 96-97 (1996) (stating that sentences imposed pursuant to § 3742 were to be reviewed for abuse of discretion). *Booker* directed appellate courts to review sentences for reasonableness and to apply an abuse of discretion standard in doing so. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). It is unclear whether the validity of a post-*Booker* revocation sentence turns on whether it is held to be reasonable or to be plainly unreasonable. *United States v. Davis*, 602 F.3d 643, 647 n.5 (5th Cir. 2010). We need not decide which is the appropriate standard, however, as Stevens's sentence is neither unreasonable nor plainly unreasonable.

The record does not support Stevens's claim that he lied to the court because he was impaired by mental illness or by medication. The district court made it expressly clear that it did not believe Stevens's excuses for his perjury, and we will not disturb such a credibility determination *See United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989).

Stevens cites no case, no statute, and no Guideline in support of his double-punishment claim. Merely asserting a claim without citing legal authority in support is insufficient. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); FED. R. APP. P. 28(a)(9). In any event, even if appellant's double-punishment argument had been properly briefed, it would still be unsuccessful in light of *Witte v. United States*, 115 S.Ct. 2199 (1995). In that case, the Supreme Court made clear that consideration of certain behavior for purposes of sentencing enhancement does not count as "punishment" for the behavior, and as a result there is no double-jeopardy prohibition against the behavior being taken into account both as a justification for sentencing enhancement in one proceeding and also as the basis of a separate charge in a later proceeding. *Id.* at 2206. Consequently, the district judge was not prohibited from taking into account Stevens's perjury to justify a longer sentence, simply because Stevens could potentially be charged with perjury as a separate offense.

On revocation of supervised release, a district court may impose any sentence that falls within the statutory maximum term, but must consider the Guidelines' policy statements, *see* U.S.S.G. Ch.7, Pt.B, and the factors enumerated in § 3553(a) before it does so. *Davis*, 602 F.3d at 646. The district court here clearly did so. Stevens does not dispute that his sentence was below the statutory maximum of 48 months imposable on the revocation of his supervised release. Instead, he contends that his sentence deviated too far above the policy statements range. We reject that contention. As we have previously observed, we have routinely affirmed revocation sentences above the advisory policy range but within the statutory maximum. *United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009). No abuse of discretion is shown here.

AFFIRMED.