# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 3, 2010

No. 10-60249
c/w No. 10-60251 c/w No. 10-60260
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARK D. O'NEIL,

Defendant-Appellant

Appeals from the United States District Court
for the Southern District of Mississippi
USDC No. 1:10-CR-11-1
USDC No. 1:10-CR-12-1
USDC No. 1:10-CR-13-1

Before DAVIS, SMITH, and SOUTHWICK, Circuit judges.

PER CURIAM:[*]

In these consolidated appeals, Mark D. O'Neil appeals the three consecutive 20-month sentences imposed following the revocation of his terms of supervised release. He argues that the district court erred when it found that he had used cocaine on two separate occasions in October 2009; he also argues that the district court erred by finding that his acknowledgment of only one use

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of cocaine on his monthly supervision report constituted the filing of a false report. O'Neil also asserts that the district court failed to adequately explain its sentences and that the sentences imposed represented an unreasonable deviation from the applicable guidelines range.

If a district court finds by a preponderance of the evidence that a defendant has violated a condition of his supervised release, it has discretion to revoke supervised release and impose a term of imprisonment. *United States v. McCormick,* 54 F.3d 214, 219 (5th Cir. 1995); 18 U.S.C. § 3583(e)(3). The district court's factual findings are reviewed for clear error. *United States v. Alaniz-Alaniz,* 38 F.3d 788, 790 (5th Cir. 1994).

As an initial matter, we note that O'Neil admitted many of the alleged violations and he has not appealed other violations found by the district court. These admitted and unappealed violations, particularly his admitted drug use and his failure to comply with drug testing requirements, are sufficient by themselves to support revocation. *See McCormick,* 54 F.3d at 219 n.3; § 3583(g).

O'Neil does argue that the evidence was insufficient to find that he admitted using cocaine on two occasions in October 2009. Although a drug testing report from October 22, 2009, supports O'Neil's testimony that Probation Officer Patrick Williams did not perform his drug testing that day, this report does not directly contradict Officer Williams' testimony that O'Neil admitted drug use to him. Because we do not find Officer Williams' testimony incredible as a matter of law, we will defer to the district court's finding that he was credible. *See Alaniz-Alaniz,* 38 F.3d at 791. Therefore, the district court did not clearly err in finding that O'Neil had used cocaine on two occasions in October 2009 or in finding that he submitted a false monthly supervision report.

O'Neil also argues that all of his violations were "Grade C" violations and that the applicable guideline sentencing range was 8 to 14 months of imprisonment. He argues that his 20 month sentences were outside of this

2

No. 10-60249
c/w No. 10-60251 c/w No. 10-60260

range, that the district court failed to adequately explain its reasons for imposing non-guideline sentences, and that the extent of the variance from the 8 to 14 month guideline range was unreasonable. Because O'Neil did not object to his sentence in the district court, our review is for plain error. *See United States v. Davis,* 602 F.3d 643, 646-47 (5th Cir. 2010).

All of O'Neil's sentencing arguments are premised on his assertion that the district court clearly erred in finding that he had submitted a false monthly supervision report. For the reasons discussed above, the district court did not clearly err in making such a finding. O'Neil's submission of a false monthly supervision report was a "Grade B" violation, which resulted in a guideline range of 21 to 27 months of imprisonment. *See* U.S.S.G. § 7B1.1(a)(2); § 7B1.4(a). Therefore, his sentencing arguments are based on the flawed premise that his sentence was an upward variance.

Even if his sentencing arguments were considered, we would conclude that the district court did not plainly err. The district court provided sufficient reasons for its choice of sentences. In addition, O'Neil's sentences were less than the applicable statutory maximum sentences, and we have routinely upheld revocation sentences against substantive unreasonableness challenges if the sentence does not exceed the statutory maximum. *See United States v. Whitelaw,* 580 F.3d 256, 265 (5th Cir. 2009).

AFFIRMED.