# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 4, 2011

No. 10-10708
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RICHARD BENJAMIN CORSER,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CR-59-1

Before DAVIS, SMITH and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Richard Benjamin Corser appeals the sentence imposed following the revocation of his supervised release subsequent to his conviction for receipt and possession of stolen firearms. For the first time on appeal, Corser argues that the district court erred in imposing his revocation sentence because the court improperly considered the sentencing factors set forth in 18 U.S.C. § 3553(a)(2)(A). He asserts that the district court considered the sentencing factors set forth in § 3553(a)(2)(A) because it stated that the sentence met the

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

objectives of § 3553(a). He contends that the district court was precluded from considering the § 3553(a)(2)(A) factors because 18 U.S.C. § 3583(e), the statute governing the revocation of supervised release, omits them from the list of factors a district court may weigh in making a revocation decision.

While Corser objected to the sentence as being procedurally and substantively unreasonable, he did not object to the district court's alleged consideration of the § 3553(a)(2)(A) factors in the district court. Because Corser did not raise this issue in the district court, we review the issue for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). To show plain error, Corser must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

We need not decide whether the district court erred by considering the § 3553(a)(2)(A) factors or whether the error was clear or obvious because Corser has not shown that the alleged error affected his substantial rights. Although the district court may have implied that it had considered the § 3553(a)(2)(A) factors by stating that the sentence met the objectives of § 3553(a), the district court did not explicitly rely on the § 3553(a)(2)(A) factors, and it did not mention any of the § 3553(a)(2)(A) factors in its explanation of the sentence. Instead, the only reasons given by the district court were Corser's continuing drug use, a fact related to the § 3553(a)(1) factors of the nature of the offense and the characteristics of the defendant that the district court was allowed to consider, and that Corser would receive credit for 302 days that he had already erroneously served. Nothing in the record indicates that the district court increased Corser's sentence because of the § 3553(a)(2)(A) factors of the seriousness of the offense, the need to promote respect for the law, and the need to administer just punishment for the offense. As Corser has not shown that the

alleged error affected his revocation sentence sufficiently to undermine confidence in the outcome, he has not shown that the alleged error affected his substantial rights. *See Whitelaw*, 580 F.3d at 262-63. As Corser has not shown that the alleged error has affected his substantial rights, he has not shown that the district court committed plain error. *See Puckett*, 129 S. Ct. at 1429.

AFFIRMED.