**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 18, 2011

Lyle W. Cayce
Clerk

No. 10-50945
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff–Appellee

v.

MARK CAREY ALEXANDER, JR.,

Defendant–Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:10-CR-5-1

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Mark Carey Alexander, Jr. appeals his 97-month sentence for simple bank robbery. Alexander contends that his within-Guidelines sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) because it overstates the seriousness of his offense. Specifically, Alexander argues that the district court should not have considered the firearm-related conduct of which he was acquitted by a jury in sentencing him at the top of the Guidelines range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

In addition, Alexander contends that his sentence is too harsh because he must first serve a 20-year Texas sentence before his federal sentence begins.

A sentence within a properly calculated Guidelines sentencing range is presumptively reasonable. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 1930 (2010). Here, Alexander concedes that his sentence is reviewed for plain error because he did not object to the sentence imposed in the district court. *See United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009). Alexander's arguments are insufficient to rebut the presumption of reasonableness, even under the ordinary standard of review. *See Cooks*, 589 F.3d at 186. It follows that he has failed to demonstrate plain error.

AFFIRMED.