**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 16, 2012

Lyle W. Cayce
Clerk

No. 11-40542

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LUIS PALOMO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:99-CR-392-2

Before JOLLY, HIGGINBOTHAM, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Luis Palomo challenges the 24-month term of imprisonment imposed following the revocation of his supervised release for the underlying crime of aiding and abetting the taking of a motor vehicle by force, violence, and intimidation. He contends the revocation sentence, which exceeds the advisory Sentencing Guidelines range of 15 to 21 months, but nevertheless is within the statutory maximum of 24 months, is procedurally unreasonable because the district court failed expressly to consider the advisory Guidelines range and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

failed to articulate reasons for the sentence. We review for plain error. Because Palomo has not shown that the claimed errors either affected his substantial rights or seriously affected the fairness or integrity of the judicial proceeding, we affirm.

## I.

In 2000, Palomo was convicted of aiding and abetting the taking of a motor vehicle by force, violence, and intimidation (carjacking) in violation of 18 U.S.C. §§ 2, 2119. The district court sentenced him to 96 months of imprisonment, to be followed by three years of supervised release. Palomo began his supervised release term in November 2007. In June 2009, the probation officer filed a petition to revoke supervised release, alleging that Palomo violated conditions of his supervised release by (1) committing a new law violation of murder, and (2) leaving the district without permission. The petition alleged that in May 2009, the murder victim was outside his home talking with a neighbor when a vehicle approached, and one of the passengers in that vehicle began shooting in his direction, fatally wounding him. Numerous witnesses identified Palomo as the shooter. The record reflects that some time after the filing of the petition, but prior to the revocation hearing, Palomo pleaded guilty to the Texas murder offense and was sentenced to 20 years of imprisonment.

At the revocation hearing, Palomo pleaded true to both allegations in the petition. The Government requested that the district court impose a two-year term of imprisonment upon revocation, to run consecutively to the 20-year term imposed for the state murder conviction. The Government asserted that Palomo had "exhibited a frightening degree of violence" more than once, and that, "he basically laid in wait and killed someone who posed no threat to [him]." The Federal Public Defender (FPD) requested that the court impose a revocation sentence to run concurrently with the sentence imposed for the state murder conviction or, alternatively, requested a sentence below the statutory maximum.

No. 11-40542

The district court concluded that Palomo had violated both conditions of supervised release as alleged, revoked supervised release, and sentenced him to 24 months of imprisonment to run consecutively to the 20-year state sentence. The court stated only that it relied "on the nature of the allegations" as the basis for the revocation and for ordering the sentence to run consecutively to the state sentence. Palomo filed a timely notice of appeal.

## II.

As Palomo concedes, because he did not object in district court to the court's alleged failure to consider the applicable Guidelines range or to the adequacy of reasons supporting the sentence, review is for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009)*; United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009). Parenthetically, however, Palomo seeks to preserve, for possible further review, the issue whether a post-sentence objection is required to preserve error. Under plain error review, Palomo must show a clear or obvious error that affected his substantial rights. *Puckett*, 556 U.S. at 135. This court has discretion to correct such an error, but only if it seriously affects the fairness, integrity, or public reputation of the judicial proceeding. *Id.*

Even assuming that the district court clearly or obviously erred by failing to expressly consider the advisory Guidelines range, or by failing to articulate reasons for the sentence, or both, Palomo's challenge fails because he has not shown that his substantial rights were affected. In the sentencing context, for a clear or obvious error to have affected a defendant's substantial rights, the error must have "affected the sentencing outcome." *Whitelaw*, 580 F.3d at 262-63. This showing may be made by demonstrating a reasonable probability that, but for the district court's error, the defendant would have received a lesser sentence. *United States v. Garcia-Quintanilla*, 574 F.3d 295, 304 (5th Cir. 2009). Palomo does not contend that if the case were remanded for resentencing, the district court could not impose the same 24-month revocation sentence, nor does he contend that it would be reasonably probable that, but for the error, he would

3

have received a lesser sentence. *United States v. Davis*, 602 F.3d 643, 647 & n.6 (5th Cir. 2010). And given the seriousness of one of Palomo's supervised release violations—murder—and the district court's express rejection of his request for a sentence below the statutory maximum, the record does not indicate that Palomo's sentence would have been any different had the district court expressly considered the advisory Guidelines range or provided more detailed reasons for the sentence.

Also unavailing is Palomo's reliance on *Whitelaw* to contend that the claimed errors affected his substantial rights because they deprived him of meaningful appellate review. In that case, we recognized the D.C. Circuit and the Second Circuit's holding, in cases involving, as here, above-Guideline sentences, that a failure to explain a sentence affects a defendant's substantial rights insofar as it "affects the appellate court's ability to perform a meaningful review of the sentence." 580 F.3d at 263. But, we also recognized that "[o]ther circuits have declined to follow that lead," and considered the theory only *arguendo*. *Id.* at 263-64.

At any rate, Palomo has not shown that our court's ability to review the sentence has been affected. Even if not explicitly stated by the district court, our review of the record reveals the basis for Palomo's sentence. In the revocation hearing, the district court heard the Government's argument that a 24-month sentence was appropriate in the light of Palomo's exhibition of a "frightening degree of violence on more than one occasion," including the recent murder. The FPD expressly conceded that the court had a duty to protect the public from individuals like Palomo. And the court identified the "nature of the allegations . . . as the basis for this revocation and the order that [the sentence] . . . be served consecutively." It is obvious that the court based the revocation sentence upon the serious nature of Palomo's supervised release violation, namely, committing murder. In short, Palomo has not shown that his substantial rights were affected.

Finally, even if Palomo could establish that the claimed errors affected his substantial rights, he has not shown that the errors "'seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'" *Davis*, 602 F.3d at 651 (quoting *Puckett*, 556 U.S. at 135). As stated, one of Palomo's supervised release violations was the commission of murder, and the difference between the maximum Guidelines sentence and Palomo's within-the-statutory-maximum sentence was only three months. *See id.* at 651 ("[W]hether a sentencing error [fails the third prong of plain error review] is dependant upon the degree of the error and the particular facts of the case.") (internal quotation marks omitted). And although the court's comments were brief, the record reflects that the court determined that the nature of the violation merited the imposition of the statutory maximum upon revocation.

Therefore, because Palomo has not shown that claimed procedural errors in sentencing affected his substantial rights or seriously affected the fairness or integrity of the judicial proceeding, his sentence is

AFFIRMED.