## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 27, 2012

No. 11-30950
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANTWAIN ROBINSON,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:09-CR-145-1

Before PRADO, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Antwain Robinson was convicted by a jury of one count of possession with intent to distribute 50 grams or more of a substance containing crack cocaine. The district court imposed a sentence of 360 months in prison, within the applicable guidelines range. On appeal, Robinson asserts that his sentence is procedurally unreasonable because the district court erroneously believed that the Sentencing Guidelines were mandatory and because the district court clearly erred in assessing Robinson's criminal history category. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30950

Because Robinson did not object to the procedural unreasonableness of his sentence in the district court, we review for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To establish such an error, Robinson must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but shall do so only if it "seriously affects the fairness, integrity, or public reputation of the judicial proceedings." *Id.*

A district court commits procedural error by treating the Guidelines as mandatory rather than advisory and by relying on clearly erroneous facts. *Gall v. United States*, 552 U.S. 38, 51 (2007). Although the district court stated it lacked a "choice" in sentencing Robinson in light of the Guidelines range, when read in context, the statement indicated the court's belief that a Guidelines sentence was appropriate in light of the drug quantity involved and Robinson's criminal history rather than an assertion that the Guidelines were mandatory.

Additionally, Robinson has not shown that the district court relied on erroneous facts regarding his criminal history; he instead is challenging the court's conclusion that the criminal history was "shocking" or "extensive." Under the circumstances, Robinson has not established a clear or obvious error that affects his substantial rights. *See Puckett*, 556 U.S. at 135.

The judgment of the district court is AFFIRMED.