**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 19, 2009

Charles R. Fulbruge III
Clerk

No. 08-50346

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ALAN WHITELAW

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas

Before DAVIS, OWEN, and HAYNES, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Defendant Alan Whitelaw appeals his sentence imposed upon revocation of his term of supervised release on several grounds that he failed to bring to the attention of the sentencing court. Finding no plain error, we affirm.

I.

Alan Whitelaw was convicted of theft of money in an amount exceeding $200,000 in state court and was sentenced to 60 years of imprisonment. Whitelaw subsequently pleaded guilty to federal bank fraud charges in the Southern District of Texas. While the same type of fraudulent conduct was the basis for both of Whitelaw's convictions, the federal and state convictions involved different specific conduct, dates, and victims.

Although Whitelaw pleaded guilty to the federal charge without a written plea agreement, the Government made an oral agreement at rearraignment that it would recommend that Whitelaw's sentence run concurrently with his state court sentence. The district court accepted the agreement as a plea agreement under FED. R. CRIM. P. 11(c)(1)(C), ruling that Whitelaw would be allowed to withdraw his guilty plea if it did not order that his sentence run concurrently with his state court sentence. The district court sentenced Whitelaw to 46 months of imprisonment, the sentence to run concurrently with his state court sentence, and five years of supervised release.

Whitelaw served only five years on his state court sentence, was released from prison, and began serving his term of supervised release as required under his federal sentence on June 10, 2004. Jurisdiction over Whitelaw's supervised release was transferred to the Western District of Texas.

In October 2007, Whitelaw's probation officer filed a petition for an arrest warrant to arrest Whitelaw for violating the conditions of his supervised release. After the district court issued the warrant and Whitelaw was arrested, the Government filed a motion to revoke Whitelaw's supervised release and an amended motion to revoke Whitelaw's supervised release ("MTR"). In the amended MTR, the Government alleged that Whitelaw had violated the conditions of his supervised release by: (1) committing the felony offense of theft of copper wire valued in excess of $1,000 or possession of stolen copper wire valued in excess of $1,000; (2) making false statements to his probation officer by denying that he had committed the offense; (3) obstructing justice by submitting to his probation officer false or forged documents purporting to relate to his acquisition of copper wire; (4) not timely reporting to his probation officer his arrests on June 17, 2007, and October 12, 2007; and (5) failing to timely report to his probation officer changes in his employment.

Whitelaw pleaded not true to the revocation charges. Following an evidentiary hearing, the district court declined to rule on the charge that Whitelaw did not timely report his June 17, 2007 arrest to his probation officer, but found that the remaining charges were true, and revoked Whitelaw's supervised release. The district court determined that Whitelaw's criminal history category was I and that his highest grade of supervised release violation was B, making his statutory maximum sentence 36 months of imprisonment and his guidelines sentence range 4-10 months of imprisonment. Whitelaw requested a sentence at the low end of the guidelines range. The district court sentenced Whitelaw to 36 months of imprisonment, and ordered that sentence run consecutively to any other state or federal sentence. Whitelaw filed a timely notice of appeal.

Following the revocation of his supervised release, Whitelaw filed a pro se motion that included a claim that he should be allowed to withdraw his guilty plea because his sentence upon the revocation of supervised release was not ordered to run concurrently with any state court sentence he received. The district court struck the motion because Whitelaw was represented by counsel and, therefore, not entitled to make pro se filings. In the alternative, the district court denied the motion on its merits.

## II.

Whitelaw did not raise any of the specific claims of procedural error that he argues in this appeal when he was before the district court for sentencing. Accordingly, as Whitelaw concedes, this court reviews those claims for plain error only. *See United States v. Hernandez-Martinez*, 485 F.3d 270, 272-73 (5th Cir.), *cert. denied*, 128 S. Ct. 325 (2007). Whitelaw also acknowledges that his argument that his challenge to the sufficiency of the district court's explanation of the reasons for the sentence imposed does not need to be preserved is

foreclosed. *See United States v. Lopez-Velasquez*, 526 F.3d 804, 806 (5th Cir.), *cert. denied*, 129 S. Ct. 625 (2008).

Whitelaw challenged the district court's ruling that his sentence would run consecutively to any other sentence only in the pro se motion he filed following his revocation hearing. That motion, however, was stricken by the district court because Whitelaw was represented by counsel. Accordingly, Whitelaw did not properly raise this claim of specific legal error below, and this court reviews it for plain error only. *See Hernandez-Martinez*, 485 F.3d at 272-73.

Whitelaw also did not object to the substantive reasonableness of the sentence below. Whitelaw's contest of the revocation charges and request for a sentence at the low end of the guidelines range are insufficient to preserve the substantive reasonableness of the sentence for review. *See United States v. Peltier*, 505 F.3d 389, 390-92 (5th Cir. 2007), *cert. denied*, 128 S. Ct. 2959 (2008). Whitelaw maintains that *Peltier* conflicts with *Hernandez-Martinez*, and that *Hernandez-Martinez* controls under the rule of orderliness because it is the earlier opinion. This argument is without merit. In *Hernandez-Martinez*, 485 F.3d at 272 n.1, Hernandez-Martinez raised a claim of specific legal error rather than an objection to the substantive reasonableness of his sentence. This court made it clear that it was not adopting the holding from other circuits that an objection is not necessary to preserve a substantive reasonableness challenge to a sentence. *See id.* Accordingly, when this court held that a defendant must object to a sentence as unreasonable to preserve a substantive reasonableness challenge in *Peltier*, 505 F.3d at 391-92, the holding did not conflict with *Hernandez-Martinez*. Therefore, *Peltier* is the controlling precedent, and Whitelaw's substantive reasonableness challenge is subject to plain-error review.

Because all of the issues raised by Whitelaw are subject to plain-error review, we need not determine whether to apply the reasonableness standard of review or the plainly unreasonable standard of review to challenges to sentences

imposed upon the revocation of supervised release. Under the plain error standard, Whitelaw must show an error that is clear or obvious and affects his substantial rights. *See Hernandez-Martinez*, 485 F.3d at 273. If Whitelaw makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

### III.

Whitelaw argues first that the sentence was unreasonable because the district court ordered it to run consecutively to any other sentence. He maintains that this aspect of the sentence was unreasonable because the district court did not indicate that it knew that it could order the sentence to run concurrently with other sentences. He additionally asserts that this aspect of the sentence violated his plea agreement which allowed him to withdraw his guilty plea if his sentence was ordered to run consecutively to his state court sentence.

The district court has the discretion to order that a sentence imposed upon the revocation of supervised release run concurrently with or consecutively to other sentences. *United States v. Gonzalez*, 250 F.3d 923, 927-29 (5th Cir. 2001). The district court did not specifically state that it knew that it could order Whitelaw's sentence to run concurrently with other sentences. Nevertheless, the Government specifically requested that the sentence run consecutively to other sentences, correctly implying that the district court had the discretion to impose a concurrent or a consecutive sentence. The district court did not indicate that it thought that it was without discretion to impose a concurrent sentence. In the absence of evidence to the contrary, this court assumes that the district court knows the law and applies it correctly. *See United States v. Izaguirre-Losoya*, 219 F.3d 437, 440 (5th Cir. 2000). Whitelaw has not shown that the district

5

court committed error, plain or otherwise, by imposing a consecutive sentence without knowledge that it could impose a concurrent sentence.

Whitelaw's original sentence was subject to a verbal plea agreement made at Whitelaw's rearraignment. The transcript of the rearraignment does not appear in the record. The PSR, however, describes the plea agreement as requiring that Whitelaw's sentence run concurrently with the state court sentence Whitelaw was then serving. We see no indication that the plea agreement applied to any sentence other than for the crime upon which he was charged. The judgment of conviction provides only that Whitelaw's sentence of imprisonment would run concurrently with the state court sentence that Whitelaw was then serving; it did not impose any restrictions upon possible sentences that could be imposed if Whitelaw's later term of supervised release was revoked. Accordingly, Whitelaw has not shown that the imposition of a consecutive sentence upon the violation of supervised release violates the terms of his plea agreement or that the district court committed error, plain or otherwise, by ordering that his sentence be served consecutively to any other sentence.

IV.

Whitelaw argues next that the district court committed procedural plain error by sentencing him without considering the policy statements in Chapter 7 of the Sentencing Guidelines, and without adequately stating the reasons for his sentence as required by § 3553(c).

Our review of the record indicates that the district court clearly considered the policy statements in Chapter 7 of the Guidelines. Whitelaw's criminal history category was I. The grade of Whitelaw's most serious supervised release violation was B. Accordingly, his advisory guidelines sentence range under Chapter 7 was 4-10 months of imprisonment. The district court correctly calculated the advisory guidelines sentence range and identified it as the

guidelines sentence range prior to pronouncing sentence. Defense counsel referred to that range in its argument and the same range was cited to the court by the government in its MTR and amended MTR. In the MTRs, the government made arguments for an above range sentence related to the § 3553(a) factors, including the nature and circumstances of Whitelaw's offense, his criminal history, the need for punishment to deter criminal conduct and the need to protect the public. Accordingly, Whitelaw has not shown that the district court failed to consider the policy statements in Chapter 7 of the Guidelines or sentencing factors in 18 U.S.C. § 3553(a).

Whitelaw also argues that the district court committed procedural plain error for failing to give reasons for his above guideline range sentence. *Rita v. United States* sets forth the requirements for the statement of reasons required to support a sentence under various circumstances.

> The sentencing judge should set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority. *See, e.g., United States v. Taylor*, 487 U.S. 326, 336-337, 108 S. Ct. 2413, 101 L. Ed. 2d 297 (1988). Nonetheless, when a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation. Circumstances may well make clear that the judge rests his decision upon the Commission's own reasoning that the Guidelines sentence is a proper sentence (in terms of § 3553(a) and other congressional mandates) in the typical case, and that the judge has found that the case before him is typical. Unless a party contests the Guidelines sentence generally under § 3553(a) --that is, argues that the Guidelines reflect an unsound judgment, or, for example, that they do not generally treat certain defendant characteristics in the proper way--or argues for departure, the judge normally need say no more.

*Rita v. United States*, 551 U.S. 338, 356-357 (2007). *Rita* goes on to say that there are two circumstances in which the sentencing court should say more - (1) "[w]here the defendant or prosecutor presents nonfrivolous reasons for imposing

a different sentence," and (2) "[w]here the judge imposes a sentence outside the Guidelines." *Id.*

In this case the district court imposed a sentence of 36 months, more than three times the high end of the guidelines range of 4 to 10 months. Thus, under the guidance of *Rita*, some explanation was required. The record contains no explicit statement setting forth "the specific reason for the imposition of a sentence different from that described" in the guideline range. 18 U.S.C. § 3553(c). Under plain error review that applies to this issue, we easily find that the failure to state reasons for a sentence outside the guidelines range is error that is clear or obvious. We must next consider whether the error affected Whitelaw's substantial rights and, if so, decide whether to exercise our discretion to correct the error if we also find that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.

This court has not yet applied plain error review to a district court's failure to state reasons for an above guideline sentence. In *United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009), this court affirmed the defendant's within guideline sentence for unlawful reentry. The defendant argued that the district court committed procedural error by failing to adequately explain its reasons for the sentence as required by § 3553(c). In *Mondragon-Santiago*, even though the district court imposed a sentence within the guideline range, more explanation was required under the first circumstance described in *Rita* because the defendant raised non-frivolous arguments for a downward departure on several bases. Because the defendant had not raised the objection to the sentencing court, plain error review was applied.

This court easily found error that was plain, and examined whether the error affected the defendant's substantial rights.

> To show that an error affects a defendant's substantial rights, the
> defendant must show that it affected the outcome in the district

8

court: "To meet this standard the proponent of the error must demonstrate a probability 'sufficient to undermine confidence in the outcome.'" *Id.* (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S. Ct. 2333, 159 L. Ed. 2d 157 (2004)); *see also United States v. Olano*, 507 U.S. 725, 734-35, 113 S. Ct. 1770, 123 L. Ed. 2d 508 (1993).

*Id.* at 364. This court rejected the relaxed approach to plain error review taken by the Second Circuit in *In re Sealed Case*, 527 F.3d 188, 193 (D.C. Cir. 2008) ("And the required showing of prejudice should be slightly less exacting for sentencing that it is in the context of trial errors." (internal quotation marks and citation omitted)); and by the Second Circuit in *United States v. Lewis*, 424 F.3d 239, 248 (2d Cir. 2005)("[I]n the sentencing context there are circumstances that permit us to relax the otherwise rigorous standards of plain error review to correct sentencing errors." (internal quotation marks and citation omitted)). Instead, consistent with Fifth Circuit precedent, we

> applied our traditional standards when reviewing sentences, emphasizing that "the defendant's burden of establishing prejudice 'should not be too easy.'" *Mares*, 402 F.3d at 521 (quoting *Dominguez Benitez*, 542 U.S. at 82). In *Mares*, this court . . . approvingly cited the Eleventh Circuit's summary of Supreme Court precedent, stating the burden of proof requires
>
>> the defendant to show that the error actually did make a difference: if it is equally plausible that the error worked in favor of the defense, the defendant loses; if the effect of the error is uncertain so that we do not know which, if either, side it helped the defendant loses.
>
> *Id.* (quoting *United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005)). . . . We are compelled to follow *Mares*: to show substantial prejudice, the defendant must prove that the error affected the sentencing outcome.

*Mondragon-Santiago*, 564 F.3d at 364. Applying this standard, this court found no affect on the defendant's substantial rights for two reasons: (1) the great

9

deference owed a sentence within the guideline range and the inference that a judge sentencing within that range has considered all required factors, and (2) Mondragon-Santiago failed to show that an explanation would have changed his sentence. *Id.* at 365. Because Whitelaw was sentenced above the guidelines range in this case, the first rationale from *Mondragon-Santiago* does not apply and we must consider whether our traditional plain error standard is appropriately applied in this context.

In cases involving above guidelines sentences, the D.C. Circuit and the Second Circuit have relaxed the showing required by a defendant to demonstrate that the error affected the defendant's substantial rights. These courts reason that the absence of a statement of reasons affects the appellate court's ability to perform a meaningful review of the sentence. *In re Sealed Case*, 527 F.3d at 193; *Lewis*, 424 F.3d at 248-49. Both circuits also conclude that the failure to state reasons undermines "the public reputation of judicial proceedings" because the statement of reasons indicates to the public that the sentencing judge has thoughtfully discharged his responsibilities and demonstrates that the judgment is not arbitrary. *Id.* *See also United States v. Blackie*, 548 F.3d 395 (6th Cir. 2008)(same).

Other circuits have declined to follow that lead. The Tenth Circuit affirmed a below guidelines sentence in which the government argued procedural error for failure of the sentencing court to cite reasons for a downward departure. See *United States v. Mendoza*, 543 F.3d 1186 (10th Cir. 2008). The Tenth Circuit refused to find that the error affected the government's substantial rights because, applying traditional plain error analysis, the government could not explain how a more detailed reasoning process might have led the court to select a higher sentence. *Id.* at 1194. In other words, the

government could not show that the error made a difference in the sentencing outcome. The court refused to presume prejudice.

Even if we were to accept the conclusion of the Second Circuit that a sentencing court's failure to state reasons affects the defendant's substantial rights by impairing his ability to appeal and this court's ability to review the reasons for his sentence, the facts of this case do not support such a conclusion. Rather our review of the record reveals the reasons for Whitelaw's sentence, even if not explicitly stated by the district court. Whitelaw's sentence followed an extensive hearing during which the court heard evidence to support its decision that Whitelaw had violated the terms of his supervised release on several bases. When the district court then turned to the issue of sentencing, the defendant and his counsel argued for a sentence at the low end of the guideline range. Counsel argued that the prior state and federal charges were factually related and because of the prior sentencing courts' failure to recognize that interrelationship, Whitelaw had served 18 months longer in prison than he should have. The government countered that the defendant had been treated leniently before. He served only 5 years of the 60 year sentence imposed on the state theft charges and the federal sentence which ran concurrently was subsumed within that term. The government also argued that the charges against Whitelaw reflected a very aggravated and sophisticated theft that he tried to conceal from his probation officer, the state parole system and the court. The government then urged the court to sentence Whitelaw to 36 months in prison (the statutory maximum) for the five reasons set forth in its motion to revoke and that the sentence be consecutive to any other sentence. The district

court then granted the government's motion and sentenced Whitelaw to the government's recommended 36 month term of imprisonment.[1]

---

[1] The MTR listed the following reasons which justify that sentence:

1. *Prior leniencies shown the Defendant.* For three felony theft offenses, the Defendant was assessed a total of 60 years in prison, of which he served about 5. In his instant federal offense, despite his leadership role in inflicting fraud losses of almost $200,000, the Defendant was not required to pay any restitution.

2. *Defendant's return to theft.* During his supervised release, the Defendent perpetrated his crime track record by returning to theft. Approving an upward departure in a criminal case, our Court of Appeals had the Defendant in mind when reasoning: "The recidivist's relapse into the same criminal behavior demonstrates his lack of recognition of the gravity of his original wrong, entails greater culpability for the offense for which he is currently charged, and suggests an increased likelihood that the offense will be repeated yet again." *United States v. DeLuna-Trujillo*, 868 F.2d 122, 124-25 (5th Cir. 1989).

3. *Defendant's pattern of criminal deception.* During the course of the Defendant's supervised release, the Defendant lied to a state judge through falsified documents and lied to his probation officer and other officials through bogus documents relating to his acquisition of copper wire. Such conduct constitutes multiple felony offenses for which the Defendant could be prosecuted.

4. *Need to provide maximum proteciton from Defendant's criminality.* By blatantly, audaciously, and repeatedly disregarding his probation officer's instructions relating to employment, the Defendant caused thousands of dollars in losses to off-duty policy officers. With a well-documented propensity to commit theft and fraud offenses, unabated by conditions of supervised release, the Defendant represents a demonstrable danger to the public, justifying maximum incarceration. *See, e.g. United States v. Roberson*, 872 F.2d 597, 606 n.8 (5th Cir. 1989); *United States v. Fisher*, 868 F.2d 128, 130 (5th Cir. 1989).

We have no trouble concluding that by granting the government's Motion to Revoke and sentencing Whitelaw to the term of imprisonment recommended and supported in that motion, the district court implicitly adopted the government's rationale for that sentence as set forth in the motion. These reasons thoroughly explain Whitelaw's sentence. The factual basis supporting them is implicit in the district court's findings that most of the revocation charges were true. By reviewing the record of the sentencing proceedings in this case, we are able to conduct a meaningful appellate review. Accordingly, the district court's failure to state these reasons on the record has not prejudiced Whitelaw.

Neither does the district court's error "seriously affect the fairness, integrity, or public reputation of judicial proceedings." We see no indication the district court considered any impermissible factor when sentencing Whitelaw. The government's arguments for an above range sentence related to several factors listed in § 3553(a), including the nature and circumstances of Whitelaw's offense, his criminal history, the need for punishment to deter criminal conduct and the need to protect the public. Also, there is no indication that the district court would impose a lighter sentence on remand and the record was more than sufficient for us to assess the reasons and reasonableness of Whitelaw's

---

5.    *Combinations of reasons, proportionality*. The 36 months in prison we propose: (1) accords due respect for the law and conditions of supervised release; (2) affords the Defendant an opportunity for vocational and other programming within the Bureau of Prisons; and (3) most important, extends the public the maximum protection it deserves from this theft and fraud recidivist without further encumbering limited probation-office resources.

13

sentence. *See United States v. Vigil*, 2009 U.S. App. LEXIS 14385 (10th Cir. June 30, 2009)(applying this record review approach to a guidelines sentence).

Although the district court plainly erred by failing to state the reasons for imposing an above guideline sentence, Whitelaw has not met his burden of establishing that the error affected his substantial rights or that the error affected the public reputation of judicial proceedings, either here or in the district court.

## V.

Whitelaw argues finally that the sentence was substantively unreasonable because it was far greater than the advisory guidelines sentence range and was outside of the range of reasonable sentences. Whitelaw's conviction was for bank fraud, which carries a maximum sentence of 30 years of imprisonment and is a Class B felony. *See* R. 1, 3; 18 U.S.C. §§ 1344, 3559(a)(2). Based on these facts, the statutory maximum sentence on revocation was 36 months of imprisonment and his guideline range was 4 to 10 months of imprisonment. Whitelaw's sentence of 36 months did not exceed the statutory maximum. *See* 18 U.S.C. § 3583(e)(3). Accordingly, the sentence imposed by the district court did not constitute plain error. *See United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007) (holding statutory maximum revocation sentence not to be plain error); *United States v. Jones*, 182 F. App'x 343, 344 (5th Cir. 2006) (noting that this court has "routinely upheld release revocation sentences in excess of the advisory range but within the statutory maximum."); *United States v. Smith*, 253 F. App'x 346, 348 (5th Cir. 2007) (holding statutory maximum revocation sentence not to be plain error).

## VI.

For the foregoing reasons, Whitelaw's sentence is affirmed.

AFFIRMED.