# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 7, 2010

No. 10-10013
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TERRY CRAIN, also known as Maurice Clayton,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:92-CR-38-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Terry Crain appeals the sentence imposed following the revocation of his supervised release subsequent to his conviction for conspiracy to possess with intent to distribute 50 grams or more of cocaine base and possession of 50 grams or more of cocaine base with intent to distribute. The district court sentenced Crain to 24 months of imprisonment, 13 months more than the high end of the advisory guidelines range.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Crain argues that the district court abused its discretion procedurally by sentencing him to 24 months of imprisonment so that he could participate in the Bureau of Prisons' (BOP's) residential drug abuse program when his sentence made him ineligible for participation in that program. A letter from the BOP that Crain has filed indicates that Crain is ineligible for participation in the residential drug abuse program because he has less than 24 months remaining on his sentence. He maintains that the district court's reliance upon its incorrect belief that he would be eligible for the residential drug abuse program was procedural error.

Crain also argues that the sentence was substantively unreasonable. He maintains that the district court did not account for, or give proper weight to, his history and characteristics, specifically the evidence showing that he was a hard worker and that he had made significant attempts at rehabilitation. He contends that the district court did not account for, or give proper weight to, the sentencing factor of providing deterrence and protecting the public. He maintains that his supervised release violations did not show he was dangerous because they did not relate to his original offenses, because he served only one day in state custody on the state offenses that led to his revocation, and because the victim of his state offenses, his wife, remains committed to him.

Because Crain did not object to the sentence in the district court, we review for plain error only. *See United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007). To show plain error, Crain must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Assuming arguendo that the district court erred by basing the sentence on its incorrect belief that Crain would be eligible for participation in the BOP's residential drug abuse program and that the error was clear or obvious, Crain

still has not shown plain error because he has not shown that the error affected his substantial rights. The district court stated that the sentence it imposed would allow Crain to participate in the BOP's drug program, and Crain has shown that he is not eligible to participate in the BOP's residential drug abuse program because his sentence is too short. Thus, if the district court did base the sentence upon Crain's eligibility for participation in the BOP's residential drug abuse program, the logical conclusion is that the district court would have imposed a longer sentence if it knew that a longer sentence was required to make Crain eligible for participation. Accordingly, at best for Crain, it is unclear whether the error helped or harmed him, and Crain has not shown that the error affected his substantial rights. *See United States v. Mares*, 402 F.3d 511, 521 (5th Cir. 2005).

While the 24-month sentence exceeded the advisory guidelines range, it was well within the statutory maximum sentence of 60 months of imprisonment. *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. 7B1.4(a). The district court considered Crain's argument for leniency and then imposed the sentence. Given these circumstances, Crain has not shown that the sentence constituted plain error. *See Jones*, 484 F.3d at 792-93; *United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009).

AFFIRMED.