**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 28, 2011

Lyle W. Cayce
Clerk

No. 10-11231
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

PHILLIP WAYNE STOCKARD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:10-CR-12-1

Before SMITH, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Phillip Wayne Stockard appeals the 18-month term of imprisonment imposed following the revocation of his supervised release for being a felon in possession of a firearm. He argues that the sentence, which exceeds his advisory sentencing guidelines range, is procedurally and substantively unreasonable.

Stockard did not preserve his objections to the reasonableness of his sentence. Accordingly, we will review the sentence for plain error only. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009); *United States v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To prevail on plain-error review, Stockard must show that an error occurred, that the error was clear or obvious, and that the error affected his substantial rights. *See Whitelaw*, 580 F.3d at 260. If he establishes those factors, the decision to correct the forfeited error is within our sound discretion, which will not be exercised unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Stockard contends that the district court committed reversible plain error by failing to articulate fact-specific reasons for imposing an above-guidelines sentence in his case. However, he has not explained how a more detailed reasoning process would have led the court to select a lower sentence. *See id.* at 263. He has not shown that the error affected his substantial rights. *See id.*

Stockard also argues that the district court committed reversible plain error by imposing a sentence that did not adequately account for his personal characteristics and the nature and circumstances of his supervised release violation.[1] At sentencing, the district court specifically noted that it had considered Stockard's arguments in favor of a shorter sentence. Stockard's disagreement with the district court's assessment of an appropriate sentence in light of those arguments does not establish that the court committed error, plain or otherwise. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Stockard essentially seeks to have us reweigh the § 3553(a) factors, which we will not do. *See id.* The sentence imposed in Stockard's case is not substantively unreasonable. *See Whitelaw*, 580 F.3d at 265.

AFFIRMED.

---

[1] Although Stockard asserts that his sentence does not address his need for medical and drug treatment, he has waived the issue by failing to adequately discuss it in his brief. *See United States v. Scroggins*, 599 F.3d 433, 446 (5th Cir.), *cert. denied*, 131 S. Ct. 158 (2010).