**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2012

No. 11-51056
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALISA ERIN YOUNG,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:10-CR-338-3

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Alisa Erin Young appeals the 36-month sentence she received on revocation of her probation for her conviction for misprision of a felony, in violation of 18 U.S.C. § 4.  She insists, for the first time on appeal, that the sentence is unreasonable and greater than necessary to achieve the sentencing objectives of 18 U.S.C. § 3553.  As Young did not object to the reasonableness of her sentence in the district court, review is restricted to plain error only.  *See United States v. Whitelaw,* 580 F.3d 256, 259-60 (5th Cir. 2009);

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51056

FED. R. CRIM. P. 52(b).  Under the plain error standard, Young must show a clear or obvious error that affected her substantial rights.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  We have discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the proceedings.  *Id.*

Young contends that the sentence imposed is unreasonable given the relatively minor nature of the charged violations, despite her use of alcohol, spending time with her girlfriend who is a felon, and failing in court-ordered substance abuse treatment.  She asserts that the court should have considered her youth and mental health issues and that a sentence within the advisory range would have been sufficient.

The sentence imposed falls within the applicable statutory maximum, and the record reflects that the district court considered the relevant § 3553 factors, including Young's personal and criminal history, the circumstances of the underlying offense, and the need for deterrence.  *See* 18 U.S. C. §§ 3561(c)(1), § 3565(a*); see also Whitelaw*, 580 F.3d at 265.  Young's effort to have us reweigh the § 3553(a) factors is unavailing.  *See Gall v. United States*, 52 U.S. 38, 51 (2007).  Young has not demonstrated any error, plain or otherwise, in the district court's judgment.  *See Whitelaw*, 580 F.3d at 265; *see also Puckett*, 556 U.S. at 135.  Accordingly, the district court's judgment is AFFIRMED.