# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 29, 2013

Lyle W. Cayce
Clerk

No. 12-50685
c/w No. 12-50689
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE FRIAS-RODRIGUEZ,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 2:11-CR-2096-1
USDC No. 2:12-CR-66-1

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jose Frias-Rodriguez (Frias) pleaded guilty to being found unlawfully in the United States and was sentenced to a guideline range term of imprisonment of 21 months to be followed by a three-year term of supervised release. The district court also revoked Frias's term of supervised release on a prior conviction and imposed a sentence at the top of the advisory range of 18 months,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to run consecutively to the illegal reentry sentence. Frias is appealing from the imposition of the consecutive revocation sentence, arguing that it was not reasonable because the stacked sentence was greater than necessary to meet the objectives of 18 U.S.C. § 3553(a).

Frias contends that review of his revocation sentence should be for reasonableness. Because Frias failed to object to the reasonableness of his revocation sentence, we need not reach any dispute over standards of review because this court's review is for plain error. See United States v. Whitelaw, 580 F.3d 256, 259-60 (5th Cir. 2009); Puckett v. United States, 556 U.S. 129, 135 (2009). Frias argues that the imposition of the consecutive sentence was plainly unreasonable because it was greater than necessary to achieve the goals of the sentencing factors in § 3553(a).

The imposition of the consecutive revocation sentence is authorized by statute and preferred under the Guidelines. See 18 U.S.C. § 3584; U.S.S.G. § 7B1.3(f), p.s., & comment. (n.4). The district court's comments at sentencing reflect that it had considered the permissible § 3553(a) factors in determining that the consecutive 18-month revocation sentence, which was within the advisory range, was an appropriate and reasonable sentence. Frias has failed to show that the district court, in determining that the revocation sentence should run consecutively to the sentence for the new offense, committed any error, plain or otherwise. See Puckett, 556 U.S. at 135.

Frias has not challenged his illegal reentry conviction or the sentence imposed for that offense. Thus, he has abandoned any claims arising out of that conviction or sentence. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993)

The convictions and sentences in both of the appeals are AFFIRMED.