# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-41393
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 25, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

STEPHEN SANTOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1239-1

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Stephen Santos pleaded guilty to carjacking, and the district court sentenced him to 108 months in prison and ordered restitution. Santos appeals his sentence on several grounds.

For the first time on appeal, Santos contends that any facts that increase his sentence should have been alleged in the indictment and found by a jury under the beyond a reasonable doubt standard. Because he did not raise this

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument in the district court, review is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

In *Booker v. United States*, 543 U.S. 220 (2005), the Court extended *Apprendi v. New Jersey*, 530 U.S. 466 (2000), to the Sentencing Guidelines, but remedied the the Sixth Amendment problem posed by fact finding under the Guidelines by rendering the Sentencing Guidelines advisory rather than mandatory. *Booker*, 543 U.S. at 244-245. Thus, under the post-*Booker* advisory guideline sentencing system, district courts are not prohibited from making the factual findings relevant to sentencing under the preponderance of the evidence standard, just as they did before *Booker*. *United States v. Mares*, 402 F.3d 511, 519 (5th Cir. 2005); *see also United States v. Hinojosa*, 749 F.3d 407, 412-13 (5th Cir. 2014). Therefore, the district court did not commit any error, plain or otherwise, in finding facts regarding Santos's sentence. *See Mares*, 402 F.3d at 519.

Next, Santos argues that the district court erred in imposing a six-level sentence enhancement under U.S.S.G. § 2B3.1(b)(2)(B) based on its finding that a firearm was "otherwise used" in the carjacking, which we review for clear error. *See United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). The district court did not clearly err in finding that a firearm was "otherwise used" under § 2B3.1(b)(2)(B). The victim in the instant offense testified that Santos pointed a firearm at him and at his nine-year-old son. Because Santos did not rebut this evidence in the district court, the district court was entitled to rely on the information in the PSR, as well as the victim's testimony, to find that Santos pointed a firearm at the victims. *See United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007). Santos's conduct easily falls within the definition of "otherwise used." *See* U.S.S.G. § 1B1.1, comment. (n.1(I); *United States v. Williams*, 520 F.3d 414, 423 (5th Cir. 2008).

No. 14-41393

In addition, Santos asserts that the district court erred in imposing a one-level sentencing enhancement under § 2B3.1(b)(7)(B) based on its finding that the offense resulted in a loss exceeding $10,000, but less than $50,000. Santos objected to the enhancement in the district court; the district court determined that the two separate carjackings were part of the same course of conduct and, therefore, the loss amount should be based on the loss caused by both carjackings. Based on the PSR, the Kelly Blue Book, and information provided by the victim of the offense of conviction, the district court found that the total loss amount exceeded $10,000, including the $15,000 fair market value of the Cadillac CTS taken in the first carjacking, the $3,509 fair market value of the 1997 Lincoln Towncar, four tires with chrome rims valued at $1,080, a stereo system valued at $579.09, and a $500 laptop computer and a $200 cellular telephone left in the car by the victim. The district court correctly based the loss amount finding on the reasonably reliable information available. *See* § 2B3.1 comment. (n. 3); *see United States v. Sutton*, 77 F.3d 91, 94-95 (5th Cir. 1996). Therefore, the district court did not clearly err in imposing a one-level enhancement under § 2B3.1(b)(7)(B) based on its finding that the offense resulted in a loss that exceeded $10,000. *See United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008).

According to Santos, the district court erred in ordering him to pay restitution of $5,868.09. The victim submitted a statement that the total loss resulting from the carjacking was $12,010.62. The PSR provided that the total loss was approximately $5,800, including $5,000 for the car, $600 for the laptop computer, and $200 for the cellular phone. At the sentencing hearing, the district court considered all of this information, as well as the Kelly Blue Book value of the car, and determined that total loss was $5,868.09, including the car valued at $3,509, the four tires valued at $1,080, the stereo system valued

3

at $579.09, the $500 laptop computer, and the $200 cellular phone. Santos offered no rebuttal evidence. The district court made a reasonable determination of the loss based on all of the available information. Therefore, the district court did not abuse its discretion in ordering Santos to pay $5,868.09 in restitution. *See United States v. Adams*, 363 F.3d 363, 365-66 (5th Cir. 2004).

Next, Santos argues that his 108-month within-guidelines sentence was substantively unreasonable. Santos's within-guidelines sentence is entitled to a presumption of reasonableness. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). After considering Santos's objections to the PSR and his arguments, the district court determined that a sentence at the high end of the 87 to 108-month advisory guidelines range was appropriate. The district court chose the sentence based on consideration of all the applicable factors in 18 U.S.C. § 3553(a). Santos has not rebutted the presumption of reasonableness. *See Cooks*, 589 F.3d at 186.

Finally, Santos contends that his counsel was ineffective because he failed to raise the constitutional argument that the facts that increased his sentence should have been alleged in the indictment and found by the jury beyond a reasonable doubt. Santos did not raise his ineffective assistance claim in the district court. Thus, the record is not sufficiently developed to allow for a fair consideration of the claim. Accordingly, we decline to consider it on direct appeal without prejudice to Santos's right to assert it on collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir.), *cert. denied*, 135 S. Ct. 123 (2014).

AFFIRMED.