# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50318
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 5, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

DESIRAE ABIGAIL CASTRO, Also Known as Desirae Castro,

Defendant–Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:12-CR-648

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Desirae Castro pleaded guilty of making a false statement during the purchase of a firearm and aiding and abetting and was sentenced to 60 months

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of supervised probation. After she pleaded guilty of violating the conditions of her probation, it was revoked. The advisory policy guidelines range was 3–9 months' imprisonment, but the district court imposed 24 months.

For the first time on appeal, Castro challenges the procedural and substantive reasonableness of the sentence. Ordinarily, sentences imposed on revocation of probation are reviewed under the plainly-unreasonable standard. *See United States v. Kippers*, 685 F.3d 496–97 (5th Cir. 2012). In applying that standard, we first consider whether the district court committed any significant procedural error and then review the substantive reasonableness of the sentence. *Id.* at 497. Because Castro failed to preserve the issue for appeal, our review is for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish plain error, the appellant must show a forfeited error that is clear or obvious and that affects substantial rights. *Id.* If the appellant makes such a showing, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Castro urges that the district court failed to consider the factors in 18 U.S.C. § 3553(a) and did not adequately explain the sentence or provide sufficient justification for sentencing her to twice the original guideline range for the underlying offense. A review of the revocation-hearing transcript satisfies us that the court considered the parties' arguments and the § 3553(a) factors and had a reasoned basis for exercising its discretion to impose a revocation sentence outside the recommended range. *See Rita v. United States*, 551 U.S. 338, 356 (2007); *United States v. Whitelaw*, 580 F.3d 256, 261–62 (5th Cir. 2009). Accordingly, there is no procedural error with respect to the adequacy of the explanation. *See Kippers*, 685 F.3d at 498.

As for the substantive reasonableness of the sentence, Castro contends

No. 15-50318

that the district court failed to take into account the reasons for her violations and to consider the disparity of the sentence she received *vis-a-vis* that of her codefendant, yielding an unduly harsh sentence. The transcript of the revocation hearing shows that the court selected a 24-month sentence to promote respect for the law, to protect the public, and to punish Castro.

Castro challenges the extent of the departure. We consider the extent of the deviation from a guidelines policy range, but we defer to the decision that, on the whole, the § 3553(a) factors justify the extent of the variance. *Id.* at 500. In light of the district court's previous leniency and Castro's conduct in continually failing to comply with the terms of probation and then threatening her probation officer, the decision to revoke probation and sentence Castro to 24 months was no error. *See id.* at 499–501.

Castro has not demonstrated any error, plain or otherwise. *See Puckett*, 556 U.S. at 135; *Kippers*, 685 F.3d at 498–501. Accordingly, the judgment of sentence is AFFIRMED.