# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-20741
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 12, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DERRICK TATUM,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CR-410-1

Before HIGGINBOTHAM, JONES, and SMITH, Circuit Judges.

PER CURIAM:[*]

Derrick Tatum appeals the 24-month, above-guidelines sentence he received upon the revocation of his supervised release, which stemmed from his conviction for possessing with intent to distribute cocaine base. He contends that the district court committed reversible plain error by failing to provide reasons for its decision to vary upward from the policy statement guidelines range of 8-14 months. *See* U.S.S.G. § 7B1.4(a), p.s.; *Puckett v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20741

*United States*, 556 U.S. 129, 135 (2009).  Tatum maintains that the error affected his substantial rights because the court may have improperly relied on the facts underlying his new law violations to support the variance, despite the fact that Tatum pleaded not true to those unadjudicated offenses and admitted to only technical violations of his supervised release conditions.

Contrary to Tatum's assertion, the record reflects that the district court explicitly considered the Chapter Seven policy statements and the 18 U.S.C. § 3553(a) factors when determining the sentence to impose.  Although the court did not explicitly list the specific factors giving rise to the sentence above the policy statement guidelines, statements made by the district court reflect skepticism about Tatum's attempts to deflect responsibility for his technical violations of supervised release conditions and his assertions that he was unaware of his obligation to inform his probation officer of his arrests. *See United States v. Kippers*, 685 F.3d 491, 499 (5th Cir. 2012) (finding a probation revocation sentence sufficient when the record reflected that the court had considered relevant sentencing factors); *United States v. Whitelaw*, 580 F.3d 256, 261-62 (5th Cir. 2009) (indicating that a district court's sentencing explanation is sufficient if it reveals that the court considered the parties' arguments and had a reasoned basis for its decision).  Therefore, Tatum has not shown clear or obvious error. *See Puckett*, 556 U.S. at 135; *Rita v. United States*, 551 U.S. 338, 356 (2007).  Moreover, Tatum has not demonstrated that any error affected his substantial rights, as he has not shown that an additional explanation would have changed the sentence imposed. *See Whitelaw*, 580 F.3d at 262-63.

Accordingly, the judgment of the district court is AFFIRMED.