# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30613
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 24, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

AMELIA VICTOR, also known as Nun,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:09-CR-320-6

Before STEWART, Chief Judge, and DENNIS and HAYNES, Circuit Judges.
PER CURIAM:*

Amelia Victor appeals the sentence imposed following the revocation of her supervised release term. She contends that the 36-month, above-guidelines sentence was substantively unreasonable because she was a first time offender, her supervised release violations were related to her drug addiction, and the record was devoid of evidence justifying the district court's drastic upward departure from the recommended range. Victor also contends

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court failed to adequately explain its reasons for imposing the sentence.  Because Victor made no objections on the specific grounds she now raises, our review is limited to plain error.  *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

The record reflects that the district court sufficiently articulated its reasons for imposing the above-guidelines revocation sentence.  *See United States v. Kippers*, 685 F.3d 491, 498-99 (5th Cir. 2012).  Even if we were to conclude that the district court's explanation was inadequate, Victor cannot show that the error affected her substantial rights because nothing in the record suggests that her sentence would have been different if the court had provided more extensive reasons.  *See United States v. Whitelaw*, 580 F.3d 256, 264-65 (5th Cir. 2009).

Victor likewise cannot show that the above-guidelines sentence was substantively unreasonable.  *See Warren*, 720 F.3d at 332.  The record reflects that the district court considered the recommended imprisonment range, the 36-month statutory maximum term of imprisonment, the nature and circumstances of Victor's supervised release violations, Victor's history and characteristics, and Victor's repeated inability to comply with the conditions of her supervised release.  The district court implicitly concluded that the 36-month sentence was appropriate based on the circumstances of the case and the 18 U.S.C. § 3553(a) factors.  We have routinely upheld revocation sentences exceeding the recommended range, even where the sentence is the statutory maximum.  *Warren*, 720 F.3d at 332.  Because Victor has failed to show that her revocation sentence is plainly unreasonable or plainly erroneous, *see id.* at 326, 332-33, the district court's judgment is AFFIRMED.