# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-30248
c/w No. 18-30249
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

WILLIE JAMAL REYNOLDS,

Defendant - Appellant

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:17-CR-197-1
USDC No. 6:13-CR-53-2

Before BARKSDALE, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Willie Jamal Reynolds pleaded guilty to being a felon in possession of a firearm and was sentenced, *inter alia*, within the advisory Sentencing Guidelines range to 57 months' imprisonment and three years' supervised release. During the sentencing hearing, Reynolds admitted the allegation he violated a condition of his already existing supervised release by testing

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 18-30248 c/w
No. 18-30249

positive for marihuana on numerous occasions, and the district court found he had violated other conditions of supervision based, in part, on the new law violation.    Reynolds was sentenced on the revocation to six months' imprisonment, which was within the sentencing ranges recommended by the Guidelines policy statements for Grade B and Grade C violations.

For the first time on appeal, Reynolds contends his 63-month total sentence is greater than necessary to effectuate the sentencing goals of 18 U.S.C. § 3553(a) and is therefore unreasonable.  Because Reynolds did not raise this issue in district court, review is only for plain error. *E.g.*, *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007); *United States v. Whitelaw*, 580 F.3d 256, 259–60 (5th Cir. 2009).  Under that standard, Reynolds must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*  (Although Reynolds acknowledges our court applies plain-error review when defendant fails to object in district court to the reasonableness of the sentence imposed, he notes there is a circuit split on the issue and seeks to preserve the issue for possible further review.)

Reynolds fails to show the imposition of the 63-month total sentence constituted a clear or obvious error.  The district court was in a superior position to find facts and assess their importance under § 3553(a), and our court will not reweigh the court's assessment of the § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 51–52 (2007); *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013).  Additionally, the six-month revocation sentence is within the applicable advisory Guidelines policy-statement ranges, and the court's order that the revocation sentence run consecutively to the 57-month sentence

2

No. 18-30248 c/w
No. 18-30249

is consistent with Guideline § 7B1.3(f), p.s., which provides:  "Any term of imprisonment imposed upon the revocation of . . . supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving".

AFFIRMED.