# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11463
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 18, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DUSTIN LARMON MCDONALD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:13-CR-94-1

Before JOLLY, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Dustin Larmon McDonald challenges the 18-month prison sentence imposed upon revocation of his supervised release. For the first time on appeal, he argues that the district court procedurally erred by failing to provide an adequate explanation for its sentencing decision. In particular, he asserts as follows: the district court failed to address his arguments in mitigation; its perfunctory statement regarding deterrence and protection of the public did

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11463

not illuminate its reasons for imposing a sentence above the recommended range; the court did not explain how these factors related to his case; the error was plain; it affected his substantial rights; and this court should exercise its discretion to correct the error.

Because McDonald did not preserve his claim of procedural error for appeal by first raising it in the district court, plain error review applies. *See United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). Although McDonald argues that an objection was unnecessary to preserve his claim, he correctly concedes that this argument is foreclosed under circuit precedent, and he raises it solely to preserve it for further review. *See id.* at 326-27; *United States v. Whitelaw*, 580 F.3d 256, 261-62 (5th Cir. 2009).

McDonald has not shown clear or obvious error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Before pronouncing its sentencing decision, the district court heard defense counsel's arguments in mitigation, particularly facts concerning McDonald's educational and employment accomplishments after his release from prison and his struggles with addiction. Additionally, the district court, the same court that presided over McDonald's original sentencing, addressed the need for the sentence to provide adequate deterrence and protect the public, thereby explicitly identifying those 18 U.S.C. § 3553(a)(2) factors that the court deemed relevant to its sentencing determination. Although the court's explanation was brief, we are satisfied that the stated reasons show, in the context of McDonald's case, that the court considered the arguments presented and had a reasoned basis for imposing an above-range sentence. *See Whitelaw*, 580 F.3d at 261.

The judgment of the district court is AFFIRMED.