# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 17, 2020

Lyle W. Cayce
Clerk

No. 19-50336
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VICTOR MENDOZA,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 7:10-CR-343-1

Before CLEMENT, ELROD, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Victor Mendoza challenges the 36-month sentence of imprisonment imposed following the revocation of his term of supervised release for his 2011 conviction for possessing with intent to distribute a mixture and substance containing heroin within 1,000 feet of a school. He contends that the district court failed to adequately explain its revocation sentence, which exceeded the range provided in the policy statements of the Sentencing Guidelines.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50336

Because this claim of procedural error was not raised in the district court, we review it only for plain error. *See United States v. Kippers*, 685 F.3d 491, 497 (5th Cir. 2012). To establish plain error, Mendoza must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

Mendoza is unable to make such a showing. Specifically, he has not established that any deficiency in the district court's explanation affected his substantial rights, as he has not shown that a more detailed explanation would have resulted in a different sentence. *See United States v. Whitelaw*, 580 F.3d 256, 262-63 (5th Cir. 2009). Indeed, Mendoza *requested* that the district court impose the 36-month sentence. And the district court followed the Guidelines in ordering that the sentence run consecutively to any state sentence he was serving. *See* U.S.S.G. § 7B1.3(f). Thus, he has not demonstrated that the district court's explanation for the sentence was so insufficient as to rise to the level of reversible plain error. *See Puckett*, 556 U.S. at 135.

AFFIRMED.