# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2021

Lyle W. Cayce
Clerk

No. 19-20788
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

ANTHONY CARL SCOTT, JR.,

*Defendant—Appellant.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-867-1

Before WIENER, SOUTHWICK, and DUNCAN, *Circuit Judges.*

PER CURIAM:*

Anthony Carl Scott, Jr., appeals the 24-month sentence of imprisonment imposed upon the revocation of his supervised release. *See* 18 U.S.C. § 3583(e)(3). According to Scott, the district court imposed a procedurally unreasonable sentence by failing to state reasons for the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

sentence above the recommended guidelines range. *See* U.S.S.G. § 7B1.4. Because Scott failed to challenge the procedural reasonableness of his sentence in the district court, we review for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). Scott must show a forfeited error that is clear or obvious error and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes this showing, this court has discretion to correct the error but only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (alterations in original omitted) (internal quotation marks and citations omitted).

Scott has not made the required showing. The record reflects the district court's consideration at the hearing of Scott's mitigation evidence including his auto detailing business, his care of his two children, and the personal support of numerous friends and family. The district court also considered, however, the evidence that Scott had left the district without permission, had multiple criminal violations and drug-positive urine screens, and had been aggressive and deceitful with his probation officer. The district court additionally explicitly considered the revocation worksheets, 18 U.S.C. § 3553(a), and Chapter 7 of the Guidelines. *See Whitelaw*, 580 F.3d at 263-64.

Even if the district court's minimal provision of reasons for the sentence were a clear or obvious error, Scott fails to show that any error affected his substantial rights. *See Whitelaw*, 580 F.3d at 264. There is no indication that the district court considered an impermissible factor, that a more thorough explanation would have resulted in a lower sentence, or that the district court would impose a different sentence on remand. *See id.* at 264-65.

The judgment of the district court is AFFIRMED.