# United States Court of Appeals for the Fifth Circuit

---

No. 22-10754
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 29, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

SAUL NAVARRETE DE LA CERDA,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-86-1

---

Before JONES, STEWART, and HAYNES, *Circuit Judges*.

PER CURIAM:[*]

Saul Navarrete De La Cerda pleaded guilty to illegal reentry following removal. He raises two issues challenging his sentence.

As for his first issue, De La Cerda contends that the district court committed plain error by considering his bare arrest record at sentencing. *See United States v. Johnson*, 648 F.3d 273, 278 (5th Cir. 2011). While the district

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

court adopted the facts and the sentencing guideline in the presentence report (PSR), the district court did not adopt the PSR's recommendation to grant an upward variance. Thus, it is unlikely that error was committed at all.

The record shows a long list of unscored actual convictions and some arrests with more than "bare" information. So, to the extent that the district court found that De La Cerda's criminal history category substantially underrepresented his criminal history, it was not clearly erroneous to consider unscored criminal convictions and prior punishments as this was the true focus of the finding. *See United States v. Robinson*, 980 F.3d 454, 465 (5th Cir. 2020). The passing reference in the PSR to De La Cerda's prior arrests does not change that result. *See id.* Thus, there is no clear error. Even if there were a clear error, any such error resulting from the finding did not affect his substantial rights, given that he received a within-guidelines sentence. *See United States v. Whitelaw*, 580 F.3d 256, 262-63 (5th Cir. 2009); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

De La Cerda next argues that his sentence exceeds the statutory maximum and is therefore unconstitutional because the district court enhanced his sentence under 8 U.S.C. § 1326(b) based on facts that were neither alleged in the indictment nor found by a jury beyond a reasonable doubt. While he acknowledges this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), he nevertheless seeks to preserve it for possible Supreme Court review. Subsequent Supreme Court decisions such as *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), did not overrule *Almendarez-Torres*. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). Thus, De La Cerda is correct that his argument is foreclosed.

The district court's judgment is AFFIRMED.