# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-30278
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
March 31, 2023

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER A. BERNARD,

*Defendant—Appellant*,

CONSOLIDATED WITH

---

No. 22-30279

---

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

CHRISTOPHER ANTRELL BERNARD,

*Defendant—Appellant*.

---

Appeals from the United States District Court
for the Western District of Louisiana
USDC Nos. 5:20-CR-139-1, 5:08-CR-303-1

---

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Christopher Antrell Bernard was sentenced within the guidelines range to 262 months in prison after pleading guilty to possessing a firearm in furtherance of drug trafficking. He appeals, challenging the denial of a motion to suppress and raising a claim of sentencing error. Bernard also appealed the judgment revoking his supervised release in a separate matter. However, because he does not brief any challenge to the revocation or the revocation sentence, he has abandoned those issues. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

In considering the denial of a motion to suppress, this court reviews factual findings for clear error and conclusions of law de novo. *United States v. Reyes*, 963 F.3d 482, 487 (5th Cir. 2020). Bernard argues that the magistrate judge and the district court should not have credited the testimony of two police officers that they detected a strong odor of marijuana near his car. The question for this court is not whether it believes the officers or even whether it finds their testimony plausible. *See United States v. Casteneda*, 951 F.2d 44, 48 (5th Cir. 1992). "Rather, the question is whether . . . the witness[es] testified to something that physical laws tell us could not have happened." *Id.* Because Bernard does not show that the officers attested to impossibilities, he fails to show clear error. *See Reyes*, 963 F.3d at 487.

Bernard's remaining argument is that the district court explained his sentence inadequately by not addressing his arguments for a downward variance. As he acknowledges, our review is for plain error because he failed to raise this issue at sentencing. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To establish plain error, a defendant must show (1) an

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-30278
c/w No. 22-30279

error (2) that is clear or obvious and (3) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). The record reflects that the district court saw no reason to vary from the guidelines range despite Bernard's arguments, which it acknowledged. The court also referred to its consideration of the 18 U.S.C. § 3553(a) factors, including Bernard's personal characteristics and what the court described as his extensive criminal history. It is not clear or obvious that this explanation was insufficient, and Bernard accordingly fails to make the requisite showing. *See Puckett*, 556 U.S. at 135.

For the foregoing reasons, the judgments of the district court are AFFIRMED.