# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-11105
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 28, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

COLD CONTRELL MCGREW,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-175-17

Before WIENER, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Cold Contrell McGrew appeals the 24-month prison sentence imposed following the revocation of a supervised-release term that was originally part of a drug-trafficking sentence. The sentence was above the advisory guideline range but below the five-year statutory maximum sentence.

We review McGrew's claims for plain error because he did not object to the sentence in the district court. *See United States v. Whitelaw*, 580 F.3d 256,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

259-60 (5th Cir. 2009).  To show plain error, he must show a forfeited error that is clear and obvious and that was reasonably likely to have affected his sentence.  *See id.*; *United States v. Davis*, 602 F.3d 643, 647 (5th Cir. 2010) .  If he makes those showings, we have the discretion to correct the error "if it seriously affected the fairness, integrity, or public reputation of the judicial proceeding."  *Whitelaw*, 580 F.3d at 260.

McGrew contends that the sentencing court gave inadequate reasons for the sentence.  Even if the district court's limited explanation of an above-guideline sentence was a clear or obvious error, it cannot be said to have affected McGrew's substantial rights, because adequate reasons for the sentence are apparent from the record.  *See Whitelaw*, 580 F.3d at 262-64.  The court listened to counsels' arguments and McGrew's allocution, and it implicitly accepted the Government's view that McGrew's prompt resumption of illegal drug use warranted a prison sentence above the guideline range, but with no additional supervised release.  Likewise, the district court simply rejected McGrew's argument that he deserved leniency because he is a drug addict.  In addition, McGrew does not demonstrate that any further explanation of the sentence would have resulted in a lower sentence or a within-guideline sentence.  *See Davis*, 602 F.3d at 647.  In the context of this record, the limited explanation of the sentence was not plain error.  *United States v. Bonilla*, 524 F.3d 647, 657 (5th Cir. 2008)("In this case, examining the district court's statement at sentencing in the context of the full sentencing hearing confirms that the court's reasons for the non-guideline sentence it imposed were minimally sufficient.").

McGrew also disagrees with the sentencing court's refusal to give him a more lenient sentence on account of his being a drug addict, a "characteristic" under 18 U.S.C. § 3553(a)(1).  His mere disagreement with the court's

assessment of the § 3553(a) factors does not establish that the sentence was an abuse of discretion or unreasonable, much less that it was plainly erroneous. *See Gall v. United States*,  552 U.S. 38, 51 (2007) (holding that a reviewing court "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance" above the guideline range).  Moreover, this court has routinely affirmed above-guideline revocation sentences like McGrew's that do not exceed the statutory maximum.  *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (collecting cases). McGrew's 24-month sentence was less than half of the maximum sentence of five years.  The sentence was not plainly erroneous.

The judgment is AFFIRMED.