# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-50035
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RUBEN ARMIJO, also known as Ruben Francisco Lopez De Desma,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:05-CR-82-1

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Ruben Armijo challenges the substantive reasonableness of his 24-month revocation sentence. He contends that the district court based its sentencing decision solely on his criminal history and that the court should have given more weight to the grade of his supervised release violations, his lack of prior violations, and the policy statement range of 7 to 13 months.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50035

Because Armijo did not raise this objection in the district court, our review is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). A plain error is a forfeited error that is clear or obvious and affects a defendant's substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). When those elements are shown, we have the discretion to correct the error but only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

Armijo has shown no clear or obvious error. At the revocation hearing, the district court listened to defense counsel's statement and Armijo's allocution, read a letter Armijo had written, and expressly considered several relevant sentencing factors, including Armijo's history and characteristics, the need for the sentence imposed to deter future criminal conduct, and the need to protect the public. 18 U.S.C. § 3553(a)(1), (2)(B) & (C); 18 U.S.C. § 3583(e). The court's weighing of these factors is entitled to deference. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Armijo's disagreement with the court's weighing does not establish that the imposition of his sentence constituted clear or obvious error. *See id.*

Additionally, the district court acted within its statutory authority in ordering a 24-month sentence. *See United States v. McKinney*, 520 F.3d 425, 427 (5th Cir. 2008); § 3583(e)(3). We routinely uphold such sentences. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013).

In light of the foregoing, the judgment of the district court is AFFIRMED.