# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 8, 2015

Lyle W. Cayce
Clerk

No. 14-50893
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LUIS RAY RUIZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:14-CR-165-1

Before BENAVIDES, SOUTHWICK, and COSTA, Circuit Judges.

PER CURIAM:[*]

Luis Ray Ruiz appeals the revocation of his supervised release for his conviction of possession with the intent to distribute marijuana and the resulting 24-month above-guidelines sentence. Ruiz argues that the district court erred by giving him inadequate notice of the revocation hearing and by relying on insufficient evidence to find that Ruiz violated his supervised release. Ruiz also argues that his sentence was plainly unreasonable. Because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-50893

Ruiz did not raise any of these arguments in the district court, our review is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).  To show plain error, Ruiz must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, we have the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

As to Ruiz's notice argument, the July 3, 2014, revocation petition set out the essential facts and the nature of the charge.  The August 12, 2014 hearing date was set one week in advance, and the Government's August 11, 2014 motion to revoke did nothing more than adopt the facts and allegations set out in the July 3 petition.  Ruiz has not shown a forfeited error that was clear or obvious. *See Puckett*, 556 U.S. at 135.  Moreover, Ruiz fails to explain what defense he would have raised or what evidence he would have presented had he received more notice of the revocation hearing.  Thus, Ruiz has not shown that any error affected his substantial rights. *See id.*

As to Ruiz's sufficiency of the evidence argument, the district court "may revoke a defendant's supervised release if it finds by a preponderance of the evidence that a condition of release has been violated." *United States v. Minnitt*, 617 F.3d 327, 332 (5th Cir. 2010) (internal quotation marks and citation omitted).  The district court read the allegations and conditions of supervised release as stated in the revocation petition, after which Ruiz was asked whether the "conditions were true or not true."  Ruiz responded "yes."  Ruiz made no objection to the factual basis and, when asked if he had any comment, apologized and stated that he had come "a long way from [his] first and second violations," but had made some "bad decisions" recently.  Nothing in the record suggests that Ruiz disputed the allegations in the revocation

petition or wished to present evidence or witnesses in his defense. Ruiz has therefore not shown a forfeited error that was clear or obvious and that affected his substantial rights. *See Puckett*, 556 U.S. at 135.

Finally, with respect to Ruiz's argument that his 24-month sentence was plainly unreasonable in light of his mitigating factors, we review for plain error. *See Whitelaw*, 580 F.3d at 259-60. Although the guidelines range of imprisonment was five to 11 months, *see* U.S.S.G. § 7B1.4(a), we routinely uphold revocation sentences exceeding the guidelines range but not exceeding the statutory maximum. *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013); *Whitelaw*, 580 F.3d at 265. Ruiz made only a cursory mention of his devotion to Christianity at sentencing, and he did not argue at sentencing, as he does on appeal, that he faced danger from traffickers in Del Rio. Thus, Ruiz has not shown any error, plain or otherwise. *See Warren*, 720 F.3d at 326; *Whitelaw*, 580 F.3d at 265.

AFFIRMED.