# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-51221
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 9, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL MEDINA-TOBIAS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:09-CR-540-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Miguel Medina-Tobias appeals the 18-month upward variance imposed by the district court following the revocation of his supervised release. He argues that the sentence was greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) and, therefore, was plainly unreasonable. He asserts that the district court failed to account for his personal circumstances, including that he has lived in the United States for most of his life, his family

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-51221

still lives in the United States, and he considers Mexico a foreign country. He further contends that the district court did not consider his incarceration for 11 months for a charge of which he was ultimately acquitted.

The revocation sentence imposed by the district court was not plainly unreasonable. The district court correctly determined that Medina-Tobias's illegal reentry into the United States after deportation was a Grade B violation under U.S.S.G. § 7B1.1(a)(2) and that his original criminal history category was III, resulting in a policy statement range 8 to 14 months of imprisonment. The district court considered Medina-Tobias's arguments concerning his personal history and characteristics, including his cultural assimilation, as well as Medina-Tobias's argument that he was not given credit for time served while awaiting trial in state court. The district court determined that a sentence within the recommended range was inadequate because Medina-Tobias was not charged and convicted of illegal reentry after deportation although he was found and arrested in Dallas, Texas. Although the 18-month sentence was an upward variance from the policy statement range, it did not exceed the two-year statutory maximum sentence. *See* 18 U.S.C. § 3583(e)(3); U.S.S.G. § 7B1.4(a). We have routinely affirmed revocation sentences that exceed the advisory range, even where the sentence equals the statutory maximum. *United States v. Warren*, 720 F.3d 321, 332-33 (5th Cir. 2013); *United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2008). Because the district court considered Medina-Tobias's arguments, the policy statement range, and the § 3553(a) factors, and because the 18-month sentence imposed by the district court did not exceed the statutory maximum sentence, the sentence was not plainly unreasonable. *See Warren*, 720 F.3d at 326; *Whitelaw*, 580 F.3d at 265.

AFFIRMED.