# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30340
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
February 19, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MICHAEL NELSON,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CR-130

Before STEWART, Chief Judge, and OWEN and COSTA, Circuit Judges.

PER CURIAM:[*]

Michael Nelson appeals the revocation of his supervised release and the 24-month sentence imposed. We affirm.

Nelson argues for the first time on appeal that the district court procedurally erred in revoking his supervised release in part for his failure to pay any amount towards his restitution without first ascertaining whether his failure to pay was willful. We review his argument for plain error only. S*ee*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30340

*United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). The record discloses that Nelson had multiple violations of the conditions of his supervised release, including a refusal to comply with drug testing, which alone mandated revocation. *See* 18 U.S.C. § 3583(g)(3); *cf. United States v. Boswell*, 605 F.2d 171, 173 (5th Cir. 1979). Moreover, the decision to revoke and impose a 24-month term of imprisonment was not based on his failure to make restitution payments but was instead based on the district court's finding that he was simply not amenable to supervised release, having failed to take advantage of the numerous treatment opportunities afforded him and heed the warnings and instructions from the probation office. Consequently, Nelson has shown no clear or obvious procedural error on the part of the district court in revoking his supervised release. *See Puckett v. United States*, 556 U.S. 129, 135 (2009).

Nelson also argues that his 24-month revocation sentence is substantively unreasonable, as it unnecessarily punishes him for being poor, homeless, drug addicted, and in need of medication and sets him up for failure upon his eventual release. However, the seriousness of his underlying bank robbery offense, his personal history and characteristics, and his proven inability to subject himself to the direction of the probation officer and the conditions of his supervised release support our determination that the district court's sentencing decision was not plainly unreasonable. *See United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013).

AFFIRMED.