# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-30657
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 12, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DEKERION DRASHARD LEWIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:11-CR-322

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Dekerion Drashard Lewis appeals the 24-month above-guidelines sentence imposed upon the mandatory revocation of his supervised release in relation to his conviction for possession of cocaine with intent to distribute. Lewis contends that the district court failed to adequately explain its sentencing decision. *See United States v. Davis*, 602 F.3d 643, 646 (5th Cir. 2010); 18 U.S.C. § 3583(c). Because Lewis did not object to the sentence at the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30657

time it was imposed, we review the district court's sentencing determination for plain error.  *See United States v. Jones*, 484 F.3d 783, 792 (5th Cir. 2007).

"A district court may impose any sentence upon revocation of supervised release that falls within the statutory maximum term allowed for the revocation sentence, but must consider the factors enumerated in 18 U.S.C. § 3553(a) and the policy statements before doing so."  *Davis*, 602 F.3d at 646. If the court imposes a revocation sentence outside the advisory guidelines range, it must provide "some explanation" for its decision.  *United States v. Whitelaw*, 580 F.3d 256, 261-62 (5th Cir. 2009)  A court's explanation for its sentencing decision is sufficient so long as it "satisf[ies] the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356 (2007).

At his revocation hearing, Lewis admitted that he had violated the conditions of his supervised release by failing multiple drug tests, attempting to cheat drug tests, associating with an active drug dealer, and deceiving his probation officer.  The district court admonished Lewis that its revocation and sentencing decisions were based on his continued inability to stay away from drugs.  In choosing a sentence, the district court expressly noted that it had "considered the Guidelines" and reviewed the record.  Contained within the record were documents listing the applicable guidelines range, as well as the probation officer's note that an above-guidelines sentence might be warranted based on Lewis's continued noncompliance with the conditions of his release. Based on the record before it, the district court evidently agreed that the circumstances of this case called for an above-guidelines sentence, and Lewis did not offer any argument to the contrary.

No. 15-30657

While the district court "might have said more," *Rita*, 551 U.S. at 359, its explanation nonetheless "ma[de] clear both the reasons for the sentence and their adequacy as a matter of law." *United States v. Bonilla*, 524 F.3d 647, 659 (5th Cir. 2008). Accordingly, Lewis fails to show that the district court committed clear or obvious error in explaining its reasons for imposing an above-guidelines revocation sentence. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Even assuming there was error, however, Lewis does not meet his burden of showing that, "but for the error, he would have received a lesser sentence." *United States v. Hebron*, 684 F.3d 554, 559 (5th Cir. 2012). Moreover, the district court's error does not impair Lewis's ability to seek meaningful appellate review because "the record reveals the reasons for [the defendant's] sentence, even if not explicitly stated by the district court." *Whitelaw*, 580 F.3d at 263.

Accordingly, we AFFIRM the judgment of the district court.