# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-50765
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELISA MORIN,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-938-3

Before REAVLEY, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Elisa Morin appeals the 12-month sentence imposed following the revocation of her supervised release. She contends that the district court's failure to provide adequate reasons for the sentence, which is below the statutory maximum of 24 months but above the policy statement range of four to 10 months of imprisonment, renders the sentence plainly unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50765

Because Morin did not object to the revocation sentence after it was imposed, we review her arguments for plain error. *United States v. Warren*, 720 F.3d 321, 327 (5th Cir. 2013). To prevail under the plain error standard, Morin must show a forfeited error that is clear or obvious. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *Warren*, 720 F.3d at 327. She also must demonstrate that any error affected her substantial rights, meaning that "the error affected the outcome of the district court proceedings." *Warren*, 720 F.3d at 327 (internal quotation marks and citation omitted). If these requirements are met, this court has the discretion to correct the error, but "only if it seriously affected the fairness, integrity, or public reputation of the judicial proceeding." *Id.* (internal quotation marks and citation omitted). Because the district court provided a sufficiently detailed explanation for the sentence it imposed, it did not commit error, plain or otherwise, in stating its reasons for the sentence. *See United States v. Whitelaw*, 580 F.3d 256, 261-62 (5th Cir. 2009). Consequently, the judgment of the district court is AFFIRMED.