# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 15-60747
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2016

Lyle W. Cayce
Clerk

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CECIL PIERRE, also known as Cecile C. Pierre, Jr.,

Defendant-Appellant

———————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:14-CR-2-1

———————————

Before KING, DENNIS, and COSTA, Circuit Judges.

PER CURIAM:*

Cecil Pierre appeals the sentence imposed following the revocation of his supervised release. Pierre argues that the district court's decision to order the revocation sentences to run consecutively rather than concurrently resulted in a "substantively unreasonable" sentence.

Ordinarily, revocation sentences are reviewed under the "plainly unreasonable" standard. *United States v. Miller*, 634 F.3d 841, 843 (5th Cir.

———————

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60747

2011). Although Pierre requested, prior to sentencing, that the district court run his revocation sentences concurrently, he did not object to the reasonableness of the consecutive sentence ultimately imposed. Because Pierre did not object to the substantive reasonableness of the sentence before the district court, his present challenge to his sentence is reviewed for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 260 (5th Cir. 2009).

On revocation of supervised release, the district court may impose any sentence that falls within the statutory maximum term authorized. *United States v. McKinney*, 520 F.3d 425, 427 (5th Cir. 2008). While the 42-month total sentence exceeded the advisory range under the Sentencing Guidelines, it was within the statutory maximum. *See* 18 U.S.C. § 3583(e)(3). Revocation sentences exceeding the Guidelines range but not exceeding the statutory maximum have been upheld as a matter of routine against challenges that the sentences were substantively unreasonable. *See Whitelaw*, 580 F.3d at 265 (affirming 36-month sentence where the advisory Guidelines range was 4-10 months and citing similar cases). As the sentence did not exceed the statutory maximum, it did not constitute plain error. *See id.*

The judgment of the district court is AFFIRMED.

2