# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-10068
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
September 15, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ERIC SOTO GUERRERO,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:03-CR-56-1

————

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Eric Soto Guerrero has appealed the above-guidelines sentence imposed upon revocation of his supervised release. He contends the district court plainly erred by failing to expressly reject his argument in favor of a more lenient sentence. A plain error is a forfeited error that is clear or obvious and affects the defendant's substantial rights. *United States v. Ellis*, 564 F.3d 370, 377 (5th Cir. 2009). When those elements are shown, this court has the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10068

discretion to correct the error only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.*

We assume Guerrero has shown the district court committed a clear or obvious error in failing to explain its reasons for rejecting his arguments. *See United States v. Whitelaw*, 580 F.3d 256, 261–62 (5th Cir. 2009). Guerrero asserts that he should be relieved of his burden of showing his substantial rights were affected by the error because it is reasonably probable that further consideration of his arguments will result in a more lenient sentence and because the district court's failure to explain its reasons for rejecting his argument has deprived him of meaningful appellate review.[1] These contentions are without merit.

The district court stated the above-guidelines sentence was intended to deter future criminal conduct and to protect the public. The district court had before it a significant record of Guerrero's inability to comply with the conditions of his supervised release. Although the district court did not expressly reject Guerrero's argument in favor of a more lenient sentence, it imposed an above-guidelines sentence after listening to Guerrero's argument. The district court's decision represents an implicit rejection of that argument, and there is no reason to believe the district court would impose a different sentence on remand. *See id.* at 263–65. Guerrero has not shown that the district court's error affected his substantial rights. Therefore we have no reason to consider whether the error affected the fairness, integrity, or public reputation of judicial proceedings.

AFFIRMED.

---

[1] Guerrero contends, in the alternative, that *Whitelaw* was wrongly decided to the extent that it held otherwise, and he states that he has raised the issue to preserve it for further review.