# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 16-60108
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

NATHAN BURNSIDE, also known as Nathan Jermaine Burnside, also known as Nate,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:03-CR-23-2

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Nathan Burnside appeals the 42-month sentence imposed after the third revocation of his supervised release. He contends the sentence — which is less than the statutory maximum sentence of 60 months and above the advisory Sentencing Guidelines policy range of 24 to 30 months — is substantively

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

unreasonable.  In support, Burnside contends the court erred in balancing the sentencing factors by giving undue weight to some and devaluing others.

A contention that was not properly preserved in district court is reviewed only for plain error.  Under that standard, defendant must show a forfeited plain (clear or obvious) error that affected his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings".  *Id.*

Although Burnside did not expressly object to the 42-month sentence, he maintains he presented a "de facto objection" by arguing for a sentence within the advisory sentencing range after the court sought arguments against a higher, statutory sentence.  Nonetheless, he did not contend the sentence imposed was substantively unreasonable, or that the court clearly erred in balancing the factors, as he does now.  Because Burnside did not raise these issues in district court, review is for plain error.  *See, e.g.*, *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013); *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

The revocation sentence at issue is to run consecutively to a 60-month sentence imposed following Burnside's guilty plea conviction for a new drug offense.  The court expressly considered the advisory sentencing range in imposing the revocation sentence.  *See* 18 U.S.C. §§ 3553(a)(4)(B), 3583(e).  It also considered Burnside's repeated violations of supervision, his approach to rehabilitation, and his disrespect for the court and federal law, all of which involve the history and characteristics of the defendant and the need to protect the public and deter criminal conduct.  *See* § 3553(a)(1), (a)(2)(B), (a)(2)(C).  Accordingly, Burnside has not shown the court committed clear or obvious

No. 16-60108

error in imposing his sentence. *See United States v. Whitelaw*, 580 F.3d 256, 260, 265 (5th Cir. 2009).

AFFIRMED.