# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-10568
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 23, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

KAYLA UNDERWOOD,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-3-6

Before DAVIS, CLEMENT, and COSTA, Circuit Judges.

PER CURIAM:*

Kayla Underwood appeals the sentence imposed by the district court following the revocation of her most recent term of supervised release; the district court sentenced her above the guidelines range to 18 months of imprisonment and additionally imposed a 42-month term of supervised release. She argues that the district court committed procedural error because it re-imposed a term of supervised release based upon an erroneous belief that it was required to do so.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-10568

Ordinarily, we review a revocation sentence under the plainly unreasonable standard. *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). However, because Underwood did not object to the supervised release term imposed by the district court, we review for plain error only. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009). Under this standard, Underwood must show a clear or obvious error that affected her substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If she makes such a showing, we have the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of the proceedings. *See id.*

As the transcript of the revocation hearing sufficiently reflects that the district court understood its discretion whether to impose an additional term of supervised release, *see* 18 U.S.C. § 3583(h), Underwood fails to show clear or obvious error. *See Puckett*, 556 U.S. at 135. Accordingly, the judgment of the district court is AFFIRMED.