# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50265
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 16, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSHUA JERMAINE LOVETT,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 1:03-CR-59-1

Before BENAVIDES, CLEMENT, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Joshua Jermaine Lovett appeals the sentence imposed following the revocation of his supervised release term. He contends that the 36-month, above-guidelines sentence was unreasonable because it gave significant weight to an irrelevant or improper factor, specifically, the Government's unproven allegations that he committed a new drug crime. Lovett also contends that the district court failed to adequately explain its reasons for imposing the sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-50265

Because Lovett did not object to the adequacy of the district court's explanation or the reasonableness of the sentence after it was imposed, our review is limited to plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).

The record reflects that the district court sufficiently articulated its reasons for imposing the above-guidelines revocation sentence. *See United States v. Kippers*, 685 F.3d 491, 498-99 (5th Cir. 2012). Even if we were to conclude that the district court's explanation was inadequate, Lovett cannot show that the error affected his substantial rights because nothing in the record suggests that his sentence would have been different if the court had provided more extensive reasons. *See Whitelaw*, 580 F.3d at 264-65.

Lovett likewise cannot show that the above-guidelines sentence gave significant weight to an irrelevant or improper factor. *See United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). Although Lovett did not plead true to allegations that he violated the conditions of his supervised release by committing new drug crimes, he did not dispute that he was subject to the 6 to 12-month range applicable to Grade B violations, and he admitted that the facts set forth in the probation officer's initial and amended petitions, as summarized by the district court, were true. Based on those facts, the district court did not plainly err in finding that the preponderance of the evidence supported a reasonable inference that Lovett knowingly possessed the marijuana found in his vehicle. *See United States v. Alaniz-Alaniz,* 38 F.3d 788, 792 (5th Cir. 1994).

The record reflects that the district court considered the recommended imprisonment range, the 36-month statutory maximum term of imprisonment, the nature and circumstances of Lovett's supervised release violations, Lovett's history and characteristics, and Lovett's repeated inability to comply with the

conditions of his supervised release. The district court implicitly concluded that the 36-month sentence was appropriate based on the circumstances of the case and the 18 U.S.C. § 3553(a) factors. We have routinely upheld revocation sentences exceeding the recommended range, even where the sentence is the statutory maximum. *Warren*, 720 F.3d at 332. Because Lovett has failed to show that his revocation sentence is plainly unreasonable or plainly erroneous, *see id.* at 326, 332-33, the district court's judgment is AFFIRMED.