# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-11465
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

September 20, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMMY RAY HULL, JR.,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:09-CR-14-1

Before REAVLEY, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Tommy Ray Hull, Jr., appeals the 18-month above-guidelines-range sentence imposed following the revocation of his supervised release. He argues that his sentence is procedurally and substantively unreasonable.

Because Hull did not object to either the procedural or substantive unreasonableness of the sentence imposed in the district court, review is for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

plain error only.[1]  *See United States v. Whitelaw*, 580 F.3d 256, 259-60 (5th Cir. 2009).  To establish plain error, he must show a forfeited error that is clear or obvious and that affects his substantial rights.  *Puckett v. United States*, 556 U.S. 129, 135 (2009).  If he makes such a showing, this court has the discretion to correct the error but will do so only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

If a district court imposes a revocation sentence that falls outside of the range recommended by the policy statements, it must provide "some explanation" for its decision.  *Whitelaw,* 580 F.3d at 261-62.  It should articulate reasons that are sufficient to "satisfy the appellate court that [it] has considered the parties' arguments and has a reasoned basis for exercising [its] legal decisionmaking authority."  *Rita v. United States*, 551 U.S. 338, 356-57 (2007).  The district court's reasons expressly and implicitly showed that it considered the policy statements, Hull's criminal history, and his repeated violations of the conditions of his supervised release and that it determined that an above-guideline sentence was warranted to protect the public and to deter Hull from further criminal activity.  Although the district court's reasons were brief, they were adequate in light of the revocation record as a whole and the explanation did not give rise to any clear or obvious procedural error that affect Hull's substantial rights or the integrity of the judicial proceedings.  *See Rita*, 551 U.S. at 356-57; *Puckett*, 556 U.S. at 135.

Hull's substantive unreasonableness challenge essentially amounts to a disagreement with the district court's balancing of the 18 U.S.C. § 3553(a) sentencing factors, which we will not reweigh.  *See United States v. Warren*, 720 F.3d 321, 332 & n.2 (5th Cir. 2013).  Hull's violations of the conditions of

---

[1] Hull argues that his request for a guidelines range sentence should be sufficient to preserve the issue for review.  He concedes that this court has held otherwise, but wishes to preserve his arguments for further possible review.

No. 17-11465

his supervised release soon after being released from custody on two occasions provided a reasonable basis for the above-guidelines-range sentence. *See United States v. Mathena*, 23 F.3d 87, 93-94 (5th Cir. 1994). Moreover, we have "routinely upheld revocation sentences exceeding the recommended range, even where the sentence is the statutory maximum." *Warren*, 720 F.3d at 332 (internal quotation marks and citation omitted); *see Whitelaw*, 580 F.3d at 259, 265. The record does not reflect that the district court committed a clear or obvious error that affected Hull's substantial rights or the integrity of judicial proceedings in imposing the above-guidelines sentence. *Puckett*, 556 U.S. at 135.

Hull has failed to show that his revocation sentence is plainly unreasonable or plainly erroneous. *See Warren*, 720 F.3d at 326, 332-33. Accordingly, the district court's judgment is **AFFIRMED**