# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 19-10207
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

CICILY ANN LOYA,

Defendant−Appellant.

————

Appeal from the United States District Court
for the Northern District of Texas
No. 1:17-CR-83-1

————

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Cicily Loya pleaded guilty of aiding and abetting possession with the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

intent to distribute marihuana and was sentenced to 37 months in prison and four years of supervised release ("SR").  Loya's first term of SR was revoked on January 18, 2017, and the district court sentenced her to three months in prison and 18 months of SR.  The court revoked Loya's second term of SR and sentenced her to 18 months in prison, which was above the recommended guidelines range of three to nine months.  The court stated that the sentence addressed "the issues of adequate deterrence and protection of the public."

On appeal, Loya contends that the sentence is both procedurally and substantively unreasonable.  Because she did not "contemporaneously object" to procedural or substantive reasonableness, our review is for plain error. *United States v. Ferguson*, 369 F.3d 847, 849 (5th Cir. 2004).

The district court must provide "some explanation" if it imposes a revocation sentence outside the advisory range.  *United States v. Whitelaw*, 580 F.3d 256, 262 (5th Cir. 2009).  The record reflects that the court "adequately explain[ed] the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."  *Gall v. United States*, 552 U.S. 38, 50 (2007).

Loya also maintains that the 18-month sentence is substantively unreasonable because there is nothing to justify a sentence that is twice the maximum recommended sentence.  We may not second-guess the findings of the sentencing court, which "is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant."  *United States v. Heard*, 709 F.3d 413, 435 (5th Cir. 2013) (internal quotation marks and citation omitted).  Nothing in the record compels a finding that the court's balancing of the § 3553(a) factors was unreasonable or plainly erroneous.

AFFIRMED.