# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
February 6, 2020

Lyle W. Cayce
Clerk

No. 19-60507
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RODREGUS K. BROWN,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:09-CR-93-1

Before SMITH, DENNIS, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Rodregus K. Brown appeals the 24-month sentence imposed following the revocation of his supervised release, which was in excess of the advisory policy range set forth in U.S.S.G. § 7B1.4(a) of four to ten months. Brown challenges the procedural and substantive reasonableness of that sentence.

When sentencing Brown, the district court indicated that it had reviewed § 7B1.4(a) and the appropriate § 3553(a) factors, particularly Brown's history

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and characteristics and the court's responsibility to adequately deter criminal conduct. *See* § 3553(a)(1), (2)(B). The court noted that Brown had committed a new felony while on supervised release, that he had been arrested on three additional occasions during the term of supervision, and that he placed the community at significant risk by leading law enforcement officers on a high-speed chase in excess of 120 miles per hour.

Brown argues that the reasons given by the district court in support of the chosen sentence were inadequate and, therefore, that the sentence is procedurally unreasonable. This procedural argument, raised for the first time on appeal, is reviewed for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Warren*, 720 F.3d 321, 326 (5th Cir. 2013). Brown has not shown that the alleged procedural error was clear or obvious or that it affected his substantial rights. *See United States v. Whitelaw*, 580 F.3d 256, 262-63 (5th Cir. 2009). His procedural claim therefore does not survive plain error review. *See Puckett*, 556 U.S. at 135.

Brown also challenges the substantive reasonableness of his revocation sentence, arguing that the sentence represents a clear error of judgment in balancing the 18 U.S.C. § 3553(a) sentencing factors. His objection in the district court was sufficient to preserve review under the plainly unreasonable standard. *See Warren*, 720 F.3d at 326. A preserved objection to a sentence's substantive reasonableness is reviewed for an abuse of discretion, examining the totality of the circumstances. *Id*. at 332.

Brown's revocation sentence, although in excess of the advisory policy range, was within the statutory maximum term of imprisonment allowed for the revocation sentence and is thus the type of sentence we routinely uphold. *See Warren*, 720 F.3d at 328; *Whitelaw*, 580 F.3d at 265. Moreover, Brown has failed to point specifically to a clear error by the district court in balancing the

No. 19-60507

sentencing factors; his contention that a sentence within the advisory policy range was sufficient to meet the sentencing goals of § 3553(a) is nothing more than a disagreement with the district court's choice of sentence, coupled with a request that we reweigh the § 3553(a) factors, which we may not do. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Heard,* 709 F.3d 413, 435 (5th Cir. 2013). He therefore has not shown that his sentence was an abuse of discretion. *See Warren*, 720 F.3d at 332.

AFFIRMED.