# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 25, 2022

Lyle W. Cayce
Clerk

No. 20-50503
CONSOLIDATED WITH
No. 20-50507
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DEVITO DEMBINSKY,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Western District of Texas
USDC No. 6:18-CR-238-10
USDC No. 6:19-CR-40-1

Before OWEN, *Chief Judge*, and SMITH and ELROD, *Circuit Judges*.

PER CURIAM:*

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50503
c/w No. 20-50507

Devito Dembinsky pleaded guilty to one count of conspiring to possess with the intent to distribute and distribution of methamphetamine (the drug case) and two counts of obstructing the due administration of justice and retaliating against a witness, victim, or informant (the obstruction case). A combined presentence report grouped the offenses and determined an advisory guidelines range of 235 to 293 months of imprisonment. The district court sentenced Dembinsky to 293 months on the drug case, 120 months on count one of the obstruction case, and 240 months on count two of the obstruction case. The court ran Dembinsky's 293-months' and 120-months' sentences consecutively to each other. The court ran the 240-months' sentence concurrently to the 293-months' and 120-months' sentences.

Before this court, Dembinsky argues that the district court erred in imposing consecutive sentences. Specifically, Dembinsky argues that the presentence report properly determined the "total punishment" of 293 months of imprisonment by correctly grouping both of his indictments. Because the guidelines sentencing range constituted his "total punishment" under § 5G1.2(c) and the 293-months' sentence imposed—on his count carrying the highest statutory maximum (the drug case)—was adequate to achieve that punishment, Dembinsky argues that the district court was required to run his obstruction case sentences concurrently to his drug case sentence. Because the district court did not follow § 5G1.2(c)'s mandatory directive to run the sentences concurrently, Dembinsky contends that the district court erred in imposing his sentence. Dembinsky did not raise this argument in the district court, and we review for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009).

Dembinsky has not shown that the district court erred by misapplying § 5G1.2(c). The district court's reasons on remand indicated that it intended to impose a sentence above the guidelines range based upon its consideration

No. 20-50503
c/w No. 20-50507

of the 18 U.S.C. § 3553(a) factors. Section 5G1.2 does not limit the district court's power to vary upwardly from the guidelines range based upon the § 3553(a) factors and impose consecutive sentences. *See* 18 U.S.C. § 3584; *United States v. Conlan*, 786 F.3d 380, 394-95 & n.46 (5th Cir. 2015). Given the record, we cannot say that Dembinsky has shown any reversible plain error.

Accordingly, the judgment of the district court is AFFIRMED.