# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-10487
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

May 7, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jace Roye Martin,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:16-CR-44-1

————————————————————

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Jayce Roye Martin appeals the 20-month sentence he received following the revocation of his term of supervised release. He contends that the sentence was unreasonable. Specifically, he asserts that the district court erred in basing his sentence on an impermissible factor, the seriousness of the state crime underlying his supervised release violation.

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

As Martin acknowledges, because he did not lodge any objection to the sentence in the district court, our review is for plain error. *See United States v. Whitelaw*, 580 F.3d 256, 259 (5th Cir. 2009). To prevail under the plain-error standard, an appellant must show a forfeited error that is clear or obvious and affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, this court has the discretion to correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

When imposing revocation sentences, district courts may not consider the factors in 18 U.S.C. § 3553(a)(2)(A), i.e., "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." *See* 18 U.S.C. § 3583(e); *see also, e.g., Tapia v. United States,* 564 U.S. 319, 326 (2011) ("[A] court may *not* take account of retribution (the first purpose listed in § 3553(a)(2)) when imposing a term of supervised release. *See* § 3583(c)."); *United States v. Sanchez*, 900 F.3d 678, 683–84 (5th Cir. 2018). A court's consideration of an improper factor, however, does not automatically require reversal. *United States v. Rivera*, 784 F.3d 1012, 1017 (5th Cir. 2015).

Rather, "a sentencing error occurs when an impermissible consideration is a dominant factor in the court's revocation sentence, but not when it is merely a secondary concern or an additional justification for the sentence." *Id.* Permissible factors a district court may consider are (1) "the nature and circumstances" of the violations; (2) "the history and characteristics of the defendant;" (3) the need "to afford adequate deterrence to criminal conduct;" and (4) the need "to protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(1), (a)(2)(B), (a)(2)(C); *see* 18 U.S.C. § 3583(e).

No. 24-10487

During the course of Martin's revocation hearing, the district court did emphasize the seriousness of the conduct—harassment—underlying his supervised release violation. The court characterized the violation as "incredibly serious" and "uniquely concerning," observing that "[m]ost people on supervised release—they might have technical violations here and there, but they manage to keep themselves out of trouble. You have not. And, I have to take that into account." The district court further stated that, while it had considered a within-policy sentence, it concluded that such a sentence would not be reasonable because the "violation here and the complete disregard of the rules of supervision are just too serious for me to sentence you to within the advisory policy statement range."

Taken in context, however, the totality of the district court's comments during the revocation hearing reveal no plain error occurred. Indeed, prior to imposing sentence, the district judge stated: "In determining the appropriate sentence, I have considered all of the statutory factors I am permitted to consider, but I haven't considered any statutory factors that I'm barred from considering under the plain language of the statute and this binding precedent." The district court also expressly reiterated that it had considered "all of the appropriate statutory factors, including the nature and circumstances of the offense, [Martin's] history and . . . characteristics, and the need to afford adequate deterrence of criminal conduct." Certainly the court's consideration of the "nature and circumstances" of the violative conduct, in accordance with § 3583(e)(3) and § 3553(a)(1), as well as the need for the sentence imposed to "deter[] criminal conduct" and "protect the public from further crimes of the defendant," in accordance with § 3583(e)(3) and §§ 3553(a)(2)(B) and (C), may include an assessment of the "seriousness" of the conduct involved.

The district court also emphasized that Martin had a lengthy criminal record before violating the conditions of his supervised release by engaging

3

No. 24-10487

in harassing conduct prohibited by state law. The district court further noted that Martin's allocution showed a lack of remorse for the circumstances of the violation and no contrition for having violated the conditions of supervision issued by the court.  On this record, we affirm.

AFFIRMED.