# United States Court of Appeals
# for the Fifth Circuit

_____

No. 25-60578
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

April 9, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Sabine Oltmann,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:24-CR-31-1

_____

Before Richman, Southwick, and Willett, *Circuit Judges*.

Per Curiam:[*]

Sabine Oltmann pleaded guilty to unauthorized opening of mail by a postal employee and was sentenced to two years' probation. Just two months into that term, however, she violated the conditions of her probation by submitting a false insurance claim and falsely reporting a crime. The district court revoked her probation and sentenced her to twelve months'

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

imprisonment followed by twelve months of supervised release. Oltmann contends that this above-Guidelines revocation sentence is substantively unreasonable.

We review probation-revocation sentences under the "plainly unreasonable standard." *United States v. Kippers*, 685 F.3d 491, 496–97 (5th Cir. 2012). In applying that standard, we ask first whether the district court committed any significant procedural error and then whether the sentence is substantively unreasonable under an abuse-of-discretion standard. *See id.* at 497, 499–500. A revocation sentence is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013) (quoting *United States v. Peltier*, 505 F.3d 389, 392 (5th Cir. 2007)).

All the mitigating considerations Oltmann presses on appeal were considered by the district court at sentencing. Nothing in the record suggests that the court failed to account for a factor deserving significant weight, gave significant weight to an irrelevant or improper factor, or clearly erred in balancing the pertinent factors. *See id.* at 326. Nor is the sentence suspect merely because it exceeded the advisory policy range; we have repeatedly upheld revocation sentences above that range so long as they remain within the statutory maximum. *See, e.g., Kippers*, 685 F.3d at 500–01; *United States v. Whitelaw*, 580 F.3d 256, 265 (5th Cir. 2009).

Accordingly, we AFFIRM the judgment of the district court.